THOMAS OUSLY, Senior, and WILLIAM OUSLY, Junior, Appellants, *v.* VICTOR M. HARDIN, Appellee.

APPEAL FROM ADAMS.

Trespassers may be held jointly and severally liable, and the acts and declarations of any one, may be chargeable upon all.

In actions for torts to the person, or malicious injury to property, exemplary damages may be given.

The party injured may show to the jury, that he was of weak mind and incapable of taking care of himself.

THIS is an action of trespass commenced to the Sept. term, 1857, of the Pike Circuit Court, by appellee against appellant and four others.

The declaration charges the defendants with an assault and battery on plaintiff.  Service on appellants only, who appeared and pleaded the general issue.  The venue was subsequently changed to Adams, where the cause was tried at the March term,

1859; verdict and judgment against appellants for $600. SIBLEY, Judge, presiding.

The bill of exceptions shows, that on the trial, plaintiff produced evidence tending to show that defendants charged him with having stolen, from one of the defendants, money and a watch, and that they tied him and whipped him to get the same back.

The plaintiff proved, on the trial, by three witnesses, that before and about the time of said whipping, he was out of his right mind, and at times wild and crazy.

Defendants moved for a new trial, for the reason that the court gave for plaintiff, improper instructions. The motion was overruled and defendants excepted, and now assign for error, that the court gave improper instructions for plaintiff, and that the court erred in refusing a new trial.

C. L. HIGBEE, and J. GRIMSHAW, for Appellant.

A. WHEAT, for Appellee.

BREESE, J. Trespassers are jointly and severally liable, and may be so charged and found. When parties have combined for a bad purpose, the acts and declarations, and knowledge of any one of the combination, may be chargeable upon the whole. Therefore, the knowledge that one of the defendants had, that their victim was of weak and unsound mind, is imputable to the other defendant, and he must be charged with that knowledge. They were associated for a bad purpose—were partners in a lawless transaction, and must be responsible to every extent.

The only exception taken, or objection made, is to these instructions given to the jury on behalf of the plaintiff:

"That in assessing damages in this case, if the jury, from the evidence, find the defendants guilty, the jury may give plaintiff vindictive damages, smart money, and that in assessing damages, they are not confined to any amount of damages actually proved to have been sustained by plaintiff, but may assess damages in their discretion, not exceeding the amount claimed in the declaration.

"That if the jury find, from the evidence, that at the time of the alleged battery, and before that time, the plaintiff was a person of feeble intellect or unsound mind, that his state of mind may be taken into consideration by the jury, in assessing damages in this case, if from the evidence they find the defendants guilty."

As to the first of these instructions, it is a well settled common law principle, that in actions for torts to the person, and

in malicious torts to property, the jury may give smart money in the shape of heavy damages, not as compensation alone for the injury received, but as punishment to the defendant who did the wrong ; hence they are sometimes called punitory or punitive damages.   In cases of contract, and in many cases of torts to property, a rule can be applied to the facts so accurately, as to make the amount to be found by the jury, a mere matter of calculation, compensation only being, in general, the object to be attained in such cases.   In torts to the person, the amount of the damages is entirely at the disposal of the jury, and a new trial will not be granted on the allegation that they are excessive, unless the court is satisfied the verdict is the result of perverseness and of gross error, and sufficient to show that the jury have acted under the influence of undue motives or misconception.   This is understood to be the rule of the common law, and as such we recognize it.   If it be a bad rule, or unjust, it is competent for the legislature to change it.

Upon the other instruction, the fact that the plaintiff, charged with a crime for which he was so summarily and cruelly dealt with, was of weak mind, was quite proper to go to the jury, to show that he could not take care of himself or explain the transaction in which he was implicated.

The proceeding by the defendants against this boy, was a most outrageous one, and wholly unjustifiable.   Those who become their own avengers of supposed or real wrongs, must not complain if the law visits them with its heaviest penalties.   In a country of laws, nothing is so abhorrent or so much to be deplored, as seizing a victim of suspicion and immolating him in contempt of the law.   The guilty actors in such proceedings should meet with prompt, condign and severe punishment.

The judgment is affirmed.

*Judgment affirmed.*