(No. 12008.—Decree affirmed.)

A. L. STALLINGS *et al.* Appellees, *vs.* GEORGE FINNEY *et al.* Appellants.

*Opinion filed February 20, 1919.*

1. CHURCHES—*courts will not interfere with contending factions of church society unless civil or property rights are involved.* Courts have no power to pass upon questions of differences between contending factions of a church society unless civil or property rights are involved, and they will not interfere to control the exercise of ecclesiastical authority not violative of a civil or property right.

2. SAME—*when secession of members of church cannot affect property rights of those remaining.* Where members of a church society of congregational government secede and join a new organization such action cannot affect the property rights of the old society nor its identity if there still remains any membership adhering to and teaching the doctrines and practices of the old organization; and the fact that the seceding members have paid off their notes given to cover the indebtedness of the old church does not give them an interest in property which was deeded in trust for the old organization such as entitles them to partition.

APPEAL from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

LEWIS, RONALDS & LEWIS, for appellants.

W. S. SUMMERS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Saline county enjoining the appellants from in any manner interfering with the possession or control of a certain church building or with the meetings of the congregation of the Apostolic Faith Assembly.

The bill of complaint alleges that the Apostolic Faith Assembly is a religious congregation or society organized for the worship of God; that it is the legal owner and entitled to the possession of the premises in question, consisting of a building and grounds used for church purposes;

287 — 10

that prior to the filing of the bill there was organized in the city of Eldorado, in Saline county, a religious society or church known as the Church of God, which is a separate and distinct religious body from that of the Apostolic Faith Assembly, differing in creed and practices; that the defendant Daniel Barnett, formerly a preacher of the Apostolic Faith Assembly, with the other defendants, united with the Church of God, and subsequently took possession of said property to the exclusion of the complainants and has since occupied the same. The prayer of the bill is for a perpetual injunction against defendants, restraining them from in any manner interfering with the possession or control of the church building and grounds or with the meetings of the congregation of the Apostolic Faith Assembly. The bill alleges that since possession of the building in question has been taken by the defendants the Church of God has been holding meetings there. The answer of the defendants specifically denies each allegation of the bill and avers that the faith and practices of the Apostolic Faith Assembly and of the Church of God are one and the same and that the church building and grounds belong to the defendants, and also denies that there was organized in Eldorado a church by the name of Church of God different from the Apostolic Faith Assembly.

The evidence shows that the Apostolic Faith Assembly had been organized some time prior to the action by the defendant Daniel Barnett. It is not incorporated under the statute and has no written constitution or by-laws and is known as a congregational church. Its authority is vested within the congregation, unrestricted by any rules or regulations of any superior authority or church body. The pastor, by and with the consent of the congregation, appoints the trustees and deacons. The property in question was deeded to A. L. Stallings, George Ratley and Dan Hudgins, as trustees of the Apostolic Faith Assembly. Hudgins was dropped when he joined the Church of God and James

Lasseter was appointed in his place. During the first year of its existence a church building, costing approximately $1500, was constructed with subscriptions subsequently paid by the members subscribing, and during that year about 135 members joined the organization. After the assembly had been in existence about a year, a man by the name of Payne commenced church services in a grove near Eldorado in the name of the Church of God. Members of the church of the Apostolic Faith Assembly attended these services, and a number of the members withdrew from the Apostolic Faith Assembly and became members of the Church of God. Defendant Barnett, who was pastor of the Apostolic Faith Assembly, left the old organization and joined the new one. He and those who had been members of the Apostolic Faith Assembly but who had withdrawn to become members of the Church of God held a meeting and the decision to go into the Church of God was announced. The Church of God congregation became composed of a majority of the members who formerly belonged to the Apostolic Faith Assembly, and the appellants took possession of the church property for the new church to the exclusion of the members of the Apostolic Faith Assembly who remained with the original organization.

It is contended by the appellants that the effect of what was done amounted to no more than the change of name from Apostolic Faith Assembly to Church of God; that the two churches are to all intents and purposes the same, the only difference being that the Church of God keeps a record of membership and preaches the doctrine of tithes, while the Apostolic Faith Assembly kept no record of members or a written constitution, by-laws, discipline or rules of procedure and did not preach tithes. The appellees contend that the two organizations are separate and distinct, and that as appellees have remained with the organization for whose use the property was deeded, they are entitled, as such organization, to the use of the property.

Courts have no power to pass upon questions of differences between contending factions of a church society unless civil or property rights are involved. They will not interfere to control the exercise of ecclesiastical authority not violative of a civil or property right. (*German Lutheran Congregation* v. *Deutsche Lutherische Gemeinde,* 246 Ill. 328; *Fussell* v. *Hail,* 233 id. 73; *Christian Church* v. *Church of Christ,* 219 id. 503; *Kuns* v. *Robertson,* 154 id. 394; *Schweiker* v. *Husser,* 146 id. 399.) The rights of the parties here are to be largely affected by the determination of the question whether the two organizations are separate and distinct or one and the same. There is no contention that the property was not deeded to the complainants as trustees of the Apostolic Faith Assembly, but it is contended that a majority of the members of the Apostolic Faith Assembly merely voted to change its name and practices, and that therefore there was no secession from the original organization. A review of the entire record in this case discloses that such contention cannot be sustained. It is evident that those of the Apostolic Faith Assembly who went into the Church of God seceded from the former organization in doing so. The testimony of numerous witnesses, some of whom are ministers in one or the other of these organizations, shows that their creeds and doctrines, as well as practices, are different; that the Apostolic Faith Assembly and the Church of God are two separate and distinct organizations, being governed differently and adhering to different doctrines and practices. It is apparent, also, from the record that the action of the majority referred to in appellants' brief and argument was taken after those participating were no longer members of the Apostolic Faith Assembly, and it follows that such action cannot affect the property rights of the Apostolic Faith Assembly nor its identity if there still remains any membership of the said last named association adhering to and teaching its doctrines and practices. (*Christian Church* v.

*Church of Christ, supra; Church of Christ* v. *Christian Church of Hammond,* 193 Ill. 144.) In *Christian Church* v. *Church of Christ, supra,* (a case very much in point here,) the court said: "When the.members of a religious congregation divide and one faction breaks away from the congregation and forms a new organization, the title to the property of the congregation will remain in that part of the congregation which adheres to the tenets and doctrines originally taught by the congregation to whose use the property was originally dedicated,"—citing *Ferraria* v. *Vasconcelles,* 23 Ill. 403, and 31 id. 25; *Church of Christ* v. *Christian Church of Hammond, supra.* In the case quoted from, the deed was made to the Sand Creek congregation, which congregation was not incorporated. The conveyance was held to be in the nature of a charitable trust, and all the members of the Sand Creek congregation became, by virtue of the execution of said conveyance, beneficiaries in the property then conveyed,—citing *Ferraria* v. *Vasconcelles, supra,* and *Alden* v. *St. Peter's Parish,* 158 Ill. 631. It was there held that when a member of a voluntary association withdraws therefrom he forfeits his right or interest in any of the property of the association even though a majority of the members of such association likewise withdraw, and that this is true even though such seceding members have contributed to the purchase of the property.

The payment of notes given by the members of the Apostolic Faith Assembly who withdrew and became members of the Church of God did not give such members an interest in the property of the Apostolic Faith Assembly entitling them to a partition of such property, and the court did not err in sustaining a demurrer to appellants' cross-bill.

There being no error in the record the decree of the circuit court will be affirmed.

*Decree affirmed.*