(No. 25418.— )
LITTLE GROVE CHURCH *et al.* Appellees, *vs.* GORDON TODD *et al.*—(LESLIE FRYE *et al.* Appellants.)

*Opinion filed February 21, 1940—Rehearing denied April 10, 1940.*

S. I. HEADLEY, and HARVEY GROSS, for appellants.

VAN SELLAR & VAN SELLAR, and J. L. SULLIVAN, (F. C. VAN SELLAR, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed a complaint against certain defendants, individually and as trustees of a church at Little Grove, in Edgar county, to restrain them from assuming ownership, control and use of the church property. On hearing, an injunction was decreed as prayed. As the title to real estate is involved, the cause is here on direct appeal.

Appellees' complaint alleges that on December 7, 1938, appellees Wright, Bell and Bales were duly elected trustees of the church, as successors to the trustees who had taken the church property for church purposes, by a deed from Palmer D. Elliott to them. It is alleged that at all times thereafter the church was known as the Little Grove Christian Church; that this church was organized about 1833, and, in 1839, Elliott conveyed the property to the trustees,

predecessors of the appellees. It does not appear that the original trustees William Hartley, A. G. Fitzgerald and Nicholas Shoptaugh are living, and from the date of the Elliott deed to them it is apparent they are not, nor does it appear from the complaint that any one was elected as their successors until December 7, 1938, when the appellees were, as they allege, elected as such successors.

The complaint alleges that the first church built on the land was known as the Little Grove Christian Church; that the Christian religious creed was followed; that, in 1864, a new building was built and the same doctrines, usages and customs were followed; that on the front of the building was an inscription "Little Grove Christian Church" and that fire insurance policies were made out to the Little Grove Christian Church. It is alleged, by amendment to the complaint, that, in 1899, the church record prior to that time was lost and that a new one then made has been partly destroyed. It is alleged that the church building was open to all persons, and at all times the Christian faith was expounded by ministers of that faith and the church kept up by members of the Christian faith; that on October 11, 1938, some unknown person installed a lock on the door of the building and excluded the members of the Christian faith from the church, and that one of the defendants, Charles Frye, retained the key to the building and refused to allow members of the Christian faith to enter and worship in the building, and that the defendants, and others of a different faith than the Christian faith, took possession of it, claiming a prior right to the property; that the defendants Leslie Frye and Charles Frye, individually and as trustees, Ernest Poynter and others, all defendants, had no right to take possession of the church property and were trespassing upon it in depriving the members of the Christion faith of possession.

The complaint prays that the defendants be restrained from assuming ownership and control over the property and

that they be required to deliver up the keys to the plaintiffs, and the defendants also be restrained from expounding, preaching or conducting services other than those of the plaintiffs.

The answer denies the authority of the plaintiffs, as elected trustees of the church, and denies that they are successors in trust to the first named trustees or that a Little Grove Christian Church was organized in 1833, but that the church then organized was the "Church of Christ of Little Grove" and that the original trustees were the trustees of the Church of Christ of Little Grove. They deny that the church was originally known as the Little Grove Christian Church. The answer sets out that after the original tract was deeded by Elliott, a larger tract was afterwards deeded to the trustees as "Trustees of The Church of Christ of Little Grove," and that throughout all the history of the church the faith and customs of the Church of Christ were preached therein, and that for more than twenty years defendants and their predecessors, as trustees and officers, had regularly employed ministers of the Church of Christ and carried on services in accordance with the beliefs and tenets of that church, and that no other creed or character of service had been conducted there.

The sole issue, here, is whether appellees proved the material allegations of their complaint by a preponderance of the evidence. It is apparent that two factions have grown up in the Little Grove Church, each of which claims the exclusive right to the use and possession of the propery. The only question before this court is: Which faction holds title to the Little Grove Church property? The evidence shows that the defendants were regularly elected trustees of the Little Grove Church at a meeting in that building on October 22, 1938, presided over by Rev. A. J. McLaughlin, a regular minister at the church. This meeting was open and notice had been given to the congregation on three previous occasions. After this meeting was held, plaintiffs

and the members of their group, decided to hold a meeting, and asked Frye, one of the trustees elected, for the key to the church. He refused to give it to them and on December 6, 1938, they gathered at the home of appellee Wright to organize and hold services.

A large number of witnesses were produced on both sides, some testifying that at one time there was a signboard on the front of the church reading "Little Grove Christian Church." It appears from the testimony of other witnesses that the sign "Little Grove Christian Church" had not been there in the last thirty-five or forty years but that for ten or fifteen years a sign "Little Grove Church of Christ" had been on the building. Other exhibits were offered by plaintiffs including documents, newspaper items concerning funerals, and the like, tending to establish that the church was known as the Christian Church.

It also appears in the evidence that the deed from Palmer D. Elliott to the original trustees conveyed the land on which the church is located, to "Trustees of the Church of Christ of Little Grove and their successors in office * * * unto the only proper use and behoof of the Church of Christ at Little Grove during a succession of trustees."

Defendants also introduced a certified copy of a warranty deed of October 27, 1877, from David P. Ross to the original trustees Fitzgerald and Shoptaugh and to Vale, as "Trustees of the Church of Christ at Little Grove and their successors in office," conveying certain additional property adjacent to the site for the use of the church. On April 11, 1930, a right-of-way deed was executed by Leslie L. Frye and Ralso T. Garwood, "Trustees of the Little Grove Church of Christ." Other testimony was offered tending to show that, in 1912, the sign on the church was "Little Grove Church of Christ;" and that the sign had been repainted in the same form two different times and that, since the last painting, the sign bore the title "Little Grove Church."

Numerous witnesses testified that when they joined the Little Grove Church they understood it to be the Little Grove Church of Christ. Among the documents offered in evidence was an original marriage certificate signed by "J. J. Van Houtin, Minister, Church of Christ," showing a marriage ceremony to have taken place in this church.

Without further extending the discussion of the testimony, it is sufficient to say that it appears that at different times the church was known as the Little Grove Church of Christ, Little Grove Christian Church and the Little Grove Church. Whether there was a difference in the form of worship and faith existing between the so-called Christian Church and Church of Christ as exemplified in this property, we are unable to tell from the testimony. Most of the witnesses were unable to tell what the Christian faith consisted of, except that the Bible alone was used in the church. Rev. Charles E. Jackson, Pastor of the First Christian Church of Paris, testified for plaintiffs that there is no sect nomenclature for the two branches of the church; that the terms "Christian Church" and "Church of Christ" were used interchangeably; that ordinarily the term "Christian Church" referred to those who used instrumental music in the worship, and "Church of Christ" referred to those who do not use instrumental music in worship, though those who do use music term themselves also the "Church of Christ." It appears in the evidence that at one time, about 35 or 40 years ago, the ladies of the church bought an organ which was used in the Sunday-school but remained but a short time. So if there be this distinction, the facts do not appear to the advantage of the plaintiffs.

Plaintiffs have failed in this record to show that their faith or doctrine of organization is any different from that of the defendants, or that they were, in fact, more than merely a faction of one and the same church. The rule is, as contended by the plaintiffs, that when the members of a religious congregation divide, and one faction breaks away

and forms a new organization, the title to the property will remain in that part of the congregation which adheres to the tenets and doctrines originally taught by the congregation to whose use the property was originally dedicated. (*Stallings* v. *Finney,* 287 Ill. 145; *Church of Christ* v. *Christian Church,* 193 id. 144.) However, in order that the court may grant relief in a case of abuse of equitable trust, where, as in this case, the plaintiffs allege departure from the original doctrines of the church, plaintiffs must prove wherein those departures lie, and in what the alleged departures consist. Courts of equity do not interfere on account of inaccuracies of expression or inappropriate figures of speech, nor for departures from mathematical exactness in language employed in inculcating the tenets preached. There must be a real substantial departure from the purpose of the trust, such as amounts to a perversion of it, in order to authorize the exercise of equitable jurisdiction in granting relief. *Happy* v. *Morton,* 33 Ill. 398.

The appellants appear to have been regularly elected trustees under the same church name as that in the deeds to the church property. The meeting of October 22, 1938, at which the appellants Gordon Todd, Charles Frye, and Leslie Frye, were elected trustees of the Little Grove Church of Christ was a public meeting, open to the entire congregation, at the church building, and held after public announcement thereof had been given at three successive meetings. Plaintiffs, as trustees, on the other hand, were elected at a meeting held at the home of one of the plaintiffs. No public notice was given of the meeting but word was passed around of a meeting to be called at that residence. Reverend Mr. Wagner, of Clinton, Indiana, who was not pastor of the Little Grove Church, held the services.

Charles Frye testified that he regularly had the key to the church and that one Roll Ford asked him for the key and, as he was not a member of the church, he did not give it to him. There is further testimony showing that for

some time the church had needed a new lock and that the lock was finally put on the door not to keep any member out but to keep the door shut.

Taking the record as a whole, we are convinced that plaintiffs' evidence is not sufficient to prove the allegations of their complaint and that they are not entitled to an injunction.

The decree of the circuit court of Edgar county is, therefore, reversed and the cause remanded, with directions to dissolve the injunction and dismiss the complaint for want of equity. *Reversed and remanded, with directions.*