Prickett v. Wells.

---

PRICKETT *et al.* v. WELLS *et al.*, *Appellants*.

Division One, November 6, 1893.

1. **Religious Societies:** PROPERTY RIGHTS: JURISDICTION OF THE COURTS. Civil courts may not properly interfere with church management so far as concerns the spiritual discipline of the members; but where rights to property are involved, the courts may determine such rights.

2. ———: ———: ———. In the ascertainment of rights of property devoted to church purposes, the courts will give effect to the usages and regulations of the church itself, if not inconsistent with the constitution and laws of the land.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*McKee & Whiteside* for appellants.

*Montgomery & Berkheimer* for respondents.

BARCLAY, J.—This suit deals with a controversy between two groups of members of the Christian church, at Neeper, in Clark county. It grows out of a difference in the congregation regarding the selection of a pastor; but it finally assumed the form of a litigation over the right to the possession and use of the church building and other property.

The church appears to be an unincorporated association of worshippers of the denomination, "Disciples of Christ," and the real estate devoted to its purposes (including an acre and one-half of ground and the house of worship) was, in 1880, vested in three persons, as trustees for the use of the church, by a deed, duly executed.

Two of the trustees named in the deed are plaintiffs in this suit, which was brought to restrain defendants from interfering with the management of the property The third plaintiff is one of the elders of the church.

It appears from the evidence at the trial that the government of the local society, according to the doctrine and usage of the Christian church, is vested in the elders and deacons; the former administering spiritual affairs, such as teaching and employing preachers, while the deacons manage the finances and attend generally to the material needs of the church; that the elders and deacons are selected and ordained by other elders of the church, and cannot otherwise be appointed.

The gist of the present dispute is, that one of the defendants, Mr. Wells, persisted in using the church property as its pastor against the protest and objection of the duly chosen elders.    He claimed the right to do so, not because of any contractual relation with them, but on the ground that he had been engaged as preacher by certain other members purporting to act as elders, but who had not been designated or chosen as such by elders already in service, according to the usages and course of discipline in that church.

The foregoing facts appeared in the trial court, which, after a full hearing, entered a decree for plaintiffs to the general purport prayed by them, from which defendants appealed.    Considerable evidence was heard touching the practice and usages of the church, and the origin of this litigation, the details of which need not be set forth.

While it is true that the civil courts may not properly interfere with that part of church management which concerns the spiritual welfare and discipline of the members, yet, when rights of property are involved in controversies of this class, those courts cannot justly evade the exercise of such jurisdiction as is necessary to the determination and vindication of such rights.

In the case in hand the title to the church property is vested in trustees, of whom plaintiffs compose a majority; and the question of their authority to control that property finally turned on the question of the right of certain defendants to act as elders and deacons of the church at Neeper.    That question depended on the doctrine and practice of the Christian church at that place, as shown by the evidence.    There was no substantial conflict in it in respect of the right of the two plaintiffs, who were duly appointed elders, to decide whether the pastor in question should be retained

or dismissed. The trial court found, as a fact, that those plaintiffs had the right to determine that question under the usages and principles governing the Christian church at Neeper. We fully coincide in that finding.

The people of that society, in the exercise of their religious liberty, had the undoubted right to adopt rules for their own church government, if not inconsistent with the constitution and laws of the land. In adjusting their respective claims to the use of the church property, as between themselves, the civil courts will give effect to those rules, subject to the qualification just adverted to. In doing so in the present suit the trial court found for plaintiffs on the facts, and, in our opinion, correctly. The judgment is affirmed. BLACK, C. J., and MACFARLANE, J., concur; BRACE, J., did not take part.