CAGE et al. v. CANSLER et al.

No. 16107—Opinion Filed Feb. 23, 1926.

Rehearing Denied July 6. 1926.

**1. Religious Societies—Property Rights as Basis of Court's Jurisdiction.**

The courts of this state will inquire into the proceedings of a church organization only where property rights are involved.

**2. Same—Incorporated Church—Action for Sale and Division of Property—Lack of Jurisdiction for Defect of Parties.**

In a suit by one faction of a church against another faction for the sale and division of the church property, when it is made to appear that the church is incorporated under the laws of this state, and the legal title of the property is held in the name of trustees for the benefit of the church, and neither the trustees nor the church are parties to the action, the court is without jurisdiction to direct a sale of the church property.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by J. G. Cansler and others against James Cage and others. Judgment for plaintiffs, and defendants bring error. Reversed.

W. L. Johnson, for plaintiffs in error.

Thomas G. Andrews and Clyde L. Andrews, for defendants in error.

Opinion by RAY, C. This suit was commenced by J. G. Cansler and others, claiming to be the official board of deacons and elders of the First Christian Church of Chandler, against James Cage and others, also claiming to be the official board, to have the plaintiffs adjudged to be the official board of the First Christian Church, and to enjoin the defendants from in any way acting as such, and for the sale of the church property, upon the ground that there was an irreconcilable conflict between the two factions of the church.

The demurrer to the plaintiffs' first and second causes of action and the demurrer to the evidence in support of the third cause of action should have been sustained.

As a first cause of action it is alleged that the First Christian Church of Chandler is a religious corporation, organized under the laws of Oklahoma, and that no rules, constitution or by-laws have been adopted for the regulation of its business affairs, but the congregation has from time to time elected as its official board various members of the church; that on the 30th day of March, 1924. the plaintiffs were elected as the official board of deacons and elders, and that the defendants, who constituted the official board prior to such election, still claim to constitute the official board and assume to act as such. The prayer is that the plaintiffs be adjudged to be the official board of the First Christian Church of Chandler.

As a second cause of action, in addition to the foregoing allegations, it is alleged, in substance, that the defendants, claiming to act as the official board, have attempted, and are attempting, to discontinue the services of the superintendent of the Sunday School, and to direct the affairs of the church generally. Other allegations are made that there is a divided sentiment of the church membership as to whether the plaintiffs or defendants constitute the official board, and as to the powers and duties of such board. The plaintiffs pray that the defendants, and each of them, be enjoined from acting as a member of the official board, and from interfering in any manner with the plaintiffs, and from officiating at the communion table, and from doing anything that will in any manner interfere with the Sunday School, or the superintendent or officers of the Sunday School.

It is well settled in this country that the courts will interpose to control the proceedings of ecclesiastical bodies when property rights are involved, but in no other instance.

"It is proper to observe, in entering upon this inquiry, that this court takes notice only of property rights, or, to use the language of Chief Justice Redfield in his note to Hennessey v. Walsh, 15 Am. Law. Reg. (N. S.) p. 264, at page 277: 'And, to this extent. the cases all agree that it must be the unlawful infringement of some personal right, of pecuniary value, and of a character redressable in the civil courts, in order to justify their interference in matters professedly of ecclesiastical cognizance.'" Everett et al. v. Trustees of First Presbyterian Church of Asbury Park et al. (N. J.) 32 Atl. Rep. 747.

"Civil courts have no ecclesiastical jurisdiction, and never interfere in matters of church polity except for the protection of civil rights, and the preservation of that religious freedom guaranteed by the Constitution, and which declares that 'the right to worship God according to the dictates of conscience shall never be infringed'." Hackney v. Vawter (Kan.) 18 Pac. 703.

"When rights of property are in question. civil courts will inquire whether the organic rules and forms of a proceeding described by the ecclesiastical body have been followed." Wallace v. Trustees, 194 Pa. 178.

As was said by Chief Justice Burford in Myers v. First Presbyterian Church of Perdy, 11 Okla. 554, 69 Pac. 877:

"It is not the policy of our laws to interfere with the spiritual or domestic affairs of the church."

As a third cause of action it is alleged that by reason of the facts above set forth, there is an irreconcilable difference existing among the members of the church, and as a result they cannot continue as an organization; that the members should be permitted to separate and the property be divided between the two divisions of the membership; that the membership should be permitted to organize two separate organizations and to unite with either, according to the desire of the individual member, and that the corporation should be dissolved and its affairs wound up and liquidated. It is prayed that the affairs of the church be wound up and liquidated, and that the church property, including the real estate and personal property, be offered for sale at public sale, and that the proceeds of the sale and the assets of the church be divided among the members numerically.

Plaintiffs' evidence shows that the legal title to the real property is in certain trustees, "in trust for the First Christian Church of Chandler." Neither the trustees nor cestui que trust were made parties to the action, either as plaintiffs or defendants.

"A religious corporation which, under the statute, had become the legal holder of the title to property formerly held in trust for its members, is a necessary party to suits relating thereto." Dubs et al. v. Egli et al., 167 Ill. 514.

The holders of the legal and equitable title not being parties to the action, the court was without jurisdiction to decree a sale of the church property.

Huffines v. Sheriff, 65 Okla. 90, 162 Pac. 491, is not an authority for the sale of real property, where the holders of the legal title are not parties to the action. In that case there was no sale of the church property. The decree went no further than to provide for the use of the church property by the contending factions on alternate Sundays.

The judgment is reversed.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. p. 1183; anno. 24 L. R. A. (N. S.) 692; 23 R. C. L. p. 449. (2) 34 Cyc. p. 1172 (Anno).