UNITED STATES ex rel. JOHNSON v. FIRST COLORED BAPTIST CHURCH et al.

(Court of Appeals of District of Columbia. Submitted April 6, 1926. Decided May 3, 1926. Rehearing Denied May 22, 1926.)

No. 4430.

1. Religious societies ☞14.

Church's action in removing one from membership and from office of treasurer does not involve temporal rights, as affects power of civil courts to review.

2. Religious societies ☞14—Civil courts cannot review action of church, acting within its ecclesiastical jurisdiction, in removing from membership and office member who has submitted himself to its jurisdiction.

Civil courts have no power to review action of church, within its ecclesiastical jurisdiction, in removing from membership and of-

fice one who, by becoming a member, has submitted himself to its jurisdiction.

Appeal from the Supreme Court of District of Columbia.

Petition by the United States, on the relation of Isaiah Johnson, for writ of mandamus to be directed against the First Colored Baptist Church and another. From a judgment dismissing the petition, petitioner appeals. Affirmed.

E. G. Hubert, of Washington, D. C., for appellant.

Edmund Hill, Jr., of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia, after hearing on petition and answer, dismissing the petition for a writ of mandamus to reinstate appellant as a member of appellee church and to the office of treasurer thereof.

[1, 2] No temporal rights of appellant are involved. Satterlee v. United States ex rel. Williams, 20 App. D. C. 393, 417. When appellant became a member of this church, he submitted himself to its ecclesiastical jurisdiction, and, if the church was acting within that jurisdiction, its decision was conclusive. No civil court has jurisdiction or power to review it. Satterlee v. United States ex rel. Williams, 20 App. D. C. 393, 414, 416; Taylor v. Jackson et al., 50 App. D. C. 381, 273 F. 345; Bouldin v. Alexander, 15 Wall. 131, 140, 21 L. Ed. 69; State ex rel. v. Cummins, 171 Ind. 112, 85 N. E. 359, 36 L. R. A. (N. S.) 945.

It appearing that the church was acting within the limits of its jurisdiction in removing appellant from membership and from the office of treasurer, the judgment must be affirmed, without costs.

Affirmed.