NICK MOUSTAKIS & others *vs.* HELLENIC ORTHODOX SOCIETY
OF SALEM AND PEABODY & others.

Essex.    March 7, 1927. — January 3, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Mandamus. Religion. Jurisdiction. Constitutional Law,* Religious free-
dom. *Corporation,* Religious: expulsion from membership. *Practice,
Civil,* Mandamus proceedings, Parties, Amendment.

When a petition for a writ of mandamus is reported to this court for de-
termination upon the pleadings and findings by a single justice of facts
reported by an auditor, there is presented to this court only the question
of law, whether the writ ought to issue; no question of discretion is
involved.

It is not the province of civil courts to enter the domain of religious de-
nominations for the purpose of deciding controversies touching matters
exclusively ecclesiastical.    Per RUGG, C.J.

A petition for a writ of mandamus to compel the officers of an ecclesiastical
corporation to recognize a different superior ecclesiastical authority
than they were recognizing will not be entertained by the courts of the
Commonwealth where the petitioners do not set forth in the petition
any facts associating the controversy with any property interest, trust
relation, or personal, contractual or tortious right of the petitioners, and
it appears to be purely an ecclesiastical controversy.

In the absence of a rule or by-law of a religious corporation holding title
to property, justifying summary or arbitrary expulsion, the expulsion of
a member without giving him reasonable notice of, and a fair oppor-
tunity to be heard upon, charges made against him as a basis of such
action is improper; and relief against such a wrong may be given in
mandamus proceedings properly brought.

Relief in mandamus proceedings from unlawful expulsion of a member from
a religious corporation cannot be given if the expelled member is not a
petitioner; but, where the unlawful expulsion is shown by a report of an
auditor to whom the case was referred, an amendment may be allowed
adding such person as a petitioner and appropriate proceedings to en-
force the remedy then may be ordered.

If, during the hearing of a petition for a writ of mandamus against officers
of a religious organization, petitioners are unlawfully expelled by the
respondents from membership in the corporation, relief cannot be given
in that proceeding without amendment to the petition; but appropriate
amendments to the petition may be allowed and relief then may be
given.

PETITION, filed in the Supreme Judicial Court for the
county of Essex on February 25, 1926, and afterwards

amended, against a religious corporation, certain members and officers thereof, one assuming to act as its officiating priest, and one assuming to act as archbishop of the Greek Church in America, for a writ of mandamus to compel the individual respondents "(1) to recognize the Archbishop Alexander of New York as the Archbishop of the Greek Orthodox Church in America and the Archbishop of the said church of St. Vassilios; (2) to reinstate and restore the ten members named in paragraph twelve into their full rights as members of the said respondent corporation and said church of St. Vassilios of said corporation; (3) to accept applications for membership in the said respondent corporation and said church of St. Vassilios of said corporation; (4) to elect a treasurer and secretary for said corporation; (5) to refrain from abolishing, repealing, changing or amending any of the articles of the said by-laws of the said Hellenic Orthodox Society"; (6) to compel the treasurer and secretary of the corporation "to refrain from intruding themselves into the respective offices usurped by them as aforesaid"; (7) to compel the respondent priest "to refrain from acting as the officiating priest of the said church St. Vassilios, of the said corporation"; and (8) to enjoin the respondent assuming to act as archbishop "from entering and holding any religious ceremony or service in the said church of St. Vassilios of the Hellenic Orthodox Society."

The case was referred to an auditor. The facts found by the auditor which are material to the determination of the case before this court are stated in the opinion. The auditor also found facts relating to the religious controversy involved and concluded, upon what he denominated "the main issue," "that Archbishop Alexander is the only Archbishop of the Eastern Orthodox Church who is authorized to govern spiritually the Greek Orthodox Churches in the United States of America, including that of St. Vasilios"; and that the "respondent Vasilios Komvopoulos, in assuming the spiritual jurisdiction of the Greek Orthodox Churches in the United States, including that of St. Vasilios, is usurping the powers and privileges to an office belonging to Archbishop Alexander."

The case came on to be heard before *Pierce*, J., who found the facts as stated by the auditor and, at the request of the parties, reported the case upon the pleadings and the facts for determination by the full court.

*J. A. Liacos*, for the petitioners.

*F. L. Simpson*, (*G. C. Vournas* with him,) for the respondents.

Rugg, C.J.  This is a petition for a writ of mandamus. It was referred to an auditor, who filed a report dealing with all the issues raised.  It was heard upon the pleadings and the auditor's report by a single justice, who found the facts as stated in the auditor's report.  At the request of all parties the case then was reported for the determination of the full court upon the pleadings and the facts thus found.

This form of report presents for consideration only the question of law, whether the writ ought to issue.  It does not involve any question of discretion.  *Boucher* v. *Salem Rebuilding Commission*, 225 Mass. 18.

The defendant Hellenic Orthodox Society of Salem and Peabody is a corporation established under the laws of this Commonwealth.  A charter was issued to it in 1906.  It will hereafter be called the corporation.  The purpose for which it was constituted was to maintain public worship in accordance with the doctrines of the Hellenic Orthodox Church, whose correct name is "Eastern Orthodox Church," but which is known also as "Greek Orthodox Church."  These three names designate indifferently the same church.  For convenience we shall call it the Greek Church.  This corporation for many years has maintained the St. Vasilios Church in Peabody.  The respondent Kalinicos is acting as the officiating priest of that church.  The respondent Komvopoulos purports to act as an archbishop of the Greek Church in America, including the St. Vasilios Church.  The other individual respondents are members of the standing committee of the corporation.

The petitioners, prior to the filing of the petition, were all members in good standing both of the defendant corporation and of the Church of St. Vasilios in Peabody.

The corporation is composed of about three hundred and

fifty members, who alone are entitled to vote for the election of officers. The congregation worshiping in the church numbers more than three thousand. Although they enjoy all the religious benefits of the church, they have no right to vote in the corporation.

The present controversy arises out of disagreement as to the supreme ecclesiastical authority in the Greek Church. The petitioners assert that such authority is reposed in the Ecumenical Patriarchate of Constantinople, a body residing in Constantinople composed of twelve metropolitans or bishops under the presidency of the Ecumenical Patriarchate, and that the representative of that authority in this country is Archbishop Alexander of New York; while the respondents assert that such authority is reposed in the Holy Synod of Greece, a body residing in Athens composed of numerous bishops and metropolitans of the Greek Church, and that the respondent Komvopoulos is archbishop having charge of St. Vasilios Church in Peabody. It is to be noted that Archbishop Alexander is not a party to this proceeding.

Although there are numerous prayers in the petition, only three questions have been argued in behalf of the petitioners:

1. Whether the officers of the respondent corporation shall be compelled to recognize Archbishop Alexander of New York as the archbishop of the St. Vasilios Church;

2. Whether the respondent Komvopoulos shall be restrained from usurping the powers and privileges of bishop of said church, alleged to be vested in Archbishop Alexander of New York;

3. Whether certain members expelled from the corporation shall be reinstated in membership.

It is not necessary to consider other questions, possibly open on the record, which the petitioners have not argued.

1. The question as to the archbishop of the Greek Church who has jurisdiction over the St. Vasilios Church in Peabody is on this record purely ecclesiastical in nature; it is dissociated with any property interest, trust relation, or personal, contractual, or tortious right of the petitioners. There are no allegations in the petition that the church and the real estate connected therewith are held on any trusts which have

been violated by the respondents.  There are no averments of interference with property rights of the petitioners. There are no charges of the perversion of gifts from the purposes declared by the donors to alien uses.  It is not the province of civil courts to enter the domain of religious denominations for the purpose of deciding controversies touching matters exclusively ecclesiastical.

Courts do not inquire into questions exclusively ecclesiastical for the reason that religious freedom is the constitutional right of all citizens under our government; and for the further reason that, if the courts should deal with litigation of that nature, the whole subject of doctrinal theology, the customs, canonical laws both written and unwritten, and the fundamental organization of the various religious denominations would need to be examined with care for the purpose of reaching authoritative conclusions.  Such a course by the courts would in the end deprive the denominations themselves of interpretations of their own body of church polity, and would establish the courts as the final arbiter in every religious controversy.  The evils attendant upon such a practice have been thought far to outweigh the incidental advantage that might flow from its adoption.

The principle is settled in this Commonwealth and it prevails generally.  It cannot be overturned because a particular case may present a strong appeal.  *Fitzgerald* v. *Robinson*, 112 Mass. 371, 379, 380.  *Grosvenor* v. *United Society of Believers*, 118 Mass. 78.  *Carter* v. *Papineau*, 222 Mass. 464.  *Watson* v. *Jones*, 13 Wall. 679, 722–729, 733. *Bonacum* v. *Harrington*, 65 Neb. 831, 836.  *Chase* v. *Cheney*, 58 Ill. 509, 535.  *Hundley* v. *Collins*, 131 Ala. 234, 243. *Shannon* v. *Frost*, 3 B. Monroe, 253, 258.  In *St. Luke's Church* v. *Slack*, 7 Cush. 266, *Canadian Religious Association* v. *Parmenter*, 180 Mass. 415, *Attorney General* v. *Armstrong*, 231 Mass. 196, *Eustace* v. *Dickey*, 240 Mass. 55, *Dittemore* v. *Dickey*, 249 Mass. 95, and similar cases where religious controversies have been discussed, property rights, the interpretation of trusts, or some definite legal obligations have been involved.  The case of *Kedrovsky* v. *Rojdesvensky*, 214 App. Div. (N. Y.) 483, affirmed without opinion in 242

N. Y. 547, relied upon by the petitioners, took the form of an action for the enforcement of the trust upon the real estate occupied by the defendants and hence is distinguishable from the case at bar.

2. The same principle governs the question sought to be raised as to the canonical status of the respondent Komvopoulos. Whether he is a bishop of the church or a mere interloper requires an entirely ecclesiastical investigation and determination, which the courts do not undertake unless involved in a decision as to property or other legally enforceable rights.

We are not unmindful of the suggestion that the feelings of the parties hereto and of the members of St. Vasilios Church are deeply stirred by the present controversy. We do not overlook the principle that the peace and quiet and order of a religious society are matters of great public interest and importance, and that such societies have a *quasi* public character whereby they are distinguished in some respects from ordinary private corporations. *St. Luke's Church* v. *Slack, supra,* page 239. *Matter of New South Meeting-House,* 13 Allen, 497, 507. These factors, however, do not warrant a departure from the general principle that courts do not entertain litigation where the subject matter of dispute is strictly and purely ecclesiastical in character, concerns theological controversy and church government alone, and has no relation to property rights or personal injuries.

3. The question as to reinstatement of certain members expelled from the corporation has a double aspect. It is alleged in paragraph 12 of the petition that certain individuals, none of whom are petitioners, have been unlawfully expelled from the corporation. It further appears from the auditor's report that, after the filing of the present petition, all the petitioners were expelled from the corporation by vote of its standing committee. No amendment has been filed setting forth these facts. The facts as to both these classes of members were found by the auditor apparently without objection, and certainly without exception. The report shows that both these classes of individuals were all members in good standing in the corporation, that they were

expelled from such membership by vote of the standing committee, without notice, without opportunity to be heard, and without any valid reason, and that it would be vain for them to seek redress from the corporation itself. No rule or by-law of the corporation justified any such summary action. In the absence of express authority for arbitrary expulsion from membership, reasonable notice of charges made and fair opportunity to be heard are commonly required. These individuals, therefore, being members of a religious corporation holding title to property, have a right to be reinstated upon a proceeding and pleadings adapted to that end. *Gray v. Christian Society*, 137 Mass. 329. *Eustace v. Dickey*, 240 Mass. 55, 83, 84, and cases there collected. Mandamus is an appropriate remedy to obtain relief for this wrong. *Crocker v. Old South Society in Boston*, 106 Mass. 489. *Saltman v. Nesson*, 201 Mass. 534, 539. *Longyear v. Hardman*, 219 Mass. 405, 406.

The state of the pleadings is not such at present as to permit this relief for either class of expelled members. The individuals named in paragraph 12 of the petition are not petitioners. No ground appears for the petitioners to prosecute a petition for this form of relief for third persons. Such third persons, if they want relief, must ask for it in their own behalf and in their own names. They can become parties petitioner by amendment. *Winch v. Hosmer*, 122 Mass. 438. *Costelo v. Crowell*, 134 Mass. 280, 284. *Lewis v. Austin*, 144 Mass. 383. *Brooks v. Boston & Northern Street Railway*, 211 Mass. 277, 279.

The petitioners did not ask relief in the original petition for their expulsion because they had not then been expelled. No amendment has been filed setting out this wrong and asking relief. Such amendment is permissible. *Hanscom v. Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. Equity Rule 17 (1926). Common Law Rule 4 (1926).

The auditor's report covered both these points. Apparently there was a full and fair hearing before him upon both these matters, notwithstanding the state of the pleadings. The case is therefore an appropriate one for the allowance of amendments to enable the relief to follow the facts

as established. *Fisher* v. *Doe,* 204 Mass. 34, 39. *Day* v. *Mills,* 213 Mass. 585, 587, 588. *Savage* v. *Welch,* 246 Mass. 170, 182–183. *Pizer* v. *Hunt,* 253 Mass. 321, 331. *Boston & Maine Railroad* v. *Cate,* 254 Mass. 248, 250.

If, within· thirty days from the date of the rescript, the persons named in paragraph 12 of the petition, or any of them, ask to be allowed to become parties petitioner by amendment, and if within like time the present petitioners file an amendment to the petition asking to be reinstated in their membership in the defendant corporation, then such amendments may be allowed and a peremptory writ may issue restoring them to membership in the defendant corporation. Otherwise, the petition must be dismissed.

*Ordered accordingly.*