### CAGE et al. v. CANSLER et al.

No. 19108.  Opinion Filed Feb. 28, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

### Religious Societies—Courts Concerned with Property Rights Alone.

It is well settled in this jurisdiction that a court will inquire into the proceedings of an ecclesiastical body when property rights are involved, but in no other instance.

Error from District Court, Lincoln County; Lucius Babcock, Assigned Judge.

Action by J. G. Cansler and others against James Cage and others. From the judgment, defendants bring error. Affirmed in part and reversed in part.

Andrews & Andrews, for plaintiffs in error.

H. M. Jarrett and W. L. Johnson, for defendants in error.

HEFNER, J.  This is the second time this case has been here on appeal.  See 119 Okla. 30, 248 Pac. 612  For a statement of the facts in this case and the law applicable thereto, we quote from the opinion of this court in the former appeal, and it was there said:

"This suit was commenced by J. G. Cansler and others, claiming to be the official board of deacons and elders of the First Christian Church of Chandler, against James Cage and others, also claiming to be the official board, to have the plaintiffs adjudged to be the official board of the First Christian Church and to enjoin the defendants from in any way acting as such, and for the sale of the church property upon the ground that there was an irreconcilable conflict between the two factions of the church.

"The demurrer to the plaintiffs' first and second causes of action and the demurrer to the evidence in support of the third cause of action should have been sustained.

"As a first cause of action, it is alleged that the First Christian Church of Chandler is a religious corporation organized under the laws of Oklahoma and that no rules, constitution, or by-laws have been adopted for the regulation of its business affairs, but the congregation has from time to time elected as its official board various members of the church; that on the 30th day of March, 1924, the plaintiffs were elected as the official board of deacons and elders and that the defendants, who constituted the official board prior to such election, still claim to constitute the official board and assume to act as such. The prayer is that the plaintiffs be adjudged to be the official board of the First Christian Church of Chandler.

"As a second cause of action, in addition to the foregoing allegations, it is alleged, in substance, that the defendants, claiming to act as the official board, have attempted and are attempting to discontinue the services of the superintendent of the Sunday School, and to direct the affairs of the church generally. Other allegations are made that there is a divided sentiment of the church membership as to whether the plaintiffs or defendants constitute the official board and as to the powers and duties of such board. The plaintiffs pray that the defendants, and each of them, be enjoined from acting as a member of the official board and from interfering in any manner with the plaintiffs and from officiating at the communion table and from doing anything that will in any manner interfere with the Sunday School, or the superintendent or officers of the Sunday School. * * *

"As a third cause of action it is alleged that by reason of the facts above set forth there is an irreconcilable difference existing among the members of the church, and as a result they cannot continue as an organiza-

tion; that the members should be permitted to separate and the property be divided between the two divisions of the membership. that the membership should be permitted to organize two separate organizations and to unite with either according to the desire of the individual member and that the corporation should be dissolved and its affairs wound up and liquidated. It is prayed that the affairs of the church be wound up and liquidated and that the church property, including the real estate and personal property, be offered for sale at public sale and that the proceeds of the sale and the assets of the church be divided among the members numerically."

In the former appeal neither the church, as a corporation, nor its trustees were parties, and this court held that in a suit by one faction of the church against another faction for the sale and division of the church property, when it is made to appear that the church is incorporated under the laws of this state, and the legal title of the property is held in the name of the trustees for the benefit of the church, and neither the trustees nor the church are parties to the action, the court is without jurisdiction to direct a sale of the church property.

After the case had been reversed for a new trial, in obedience to this holding, the plaintiffs amended their petition and made the First Christian Church, a corporation, and certain parties named as trustees of the corporation defendants, and, in addition alleged in substance that the defendants forcibly excluded the plaintiffs from the church property and refused to permit the plaintiffs to enter thereon. When the church, as a corporation, and the trustees were made parties, the court had jurisdiction to direct a sale and distribution of the church property, as prayed by the plaintiffs in their third cause of action, if the facts justified it in doing so.

With the pleadings thus amended, the case came on for trial and the learned trial judge rendered judgment in favor of the plaintiffs on the first two causes of action and against them on the third cause of action. The defendants appealed from this judgment, but the plaintiffs did not file a cross-appeal on the third cause of action. This is the cause of action that involves the question of the sale and distribution of the church property. Since the plaintiffs did not prosecute a cross-appeal on this cause of action. the judgment of the trial court became final thereon and that question cannot now be reviewed.

It follows that the first and second causes of action are the only questions before us for review. When the case was here before.

this court held that a demurrer should have been sustained as to both of these causes of action. It follows that, since this was not done, the judgment of the trial court must be reversed, except as to the third cause of action.

It is therefore ordered that the judgment of the trial court be affirmed as to the cause of action involving the sale and distribution of the church property. and reversed, with directions to dismiss, as to all other causes of action.

All the Justices concur.