## Connoley v. Smith et al.

(Decided Oct. 9, 1934.)

W. A. BERRY for appellant.

C. C. GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment denying appellant, Andy Connoley, an injunction restraining the pastor and officers of the Washington Street Baptist Church of Paducah from enforcing certain rules which had been adopted by the congregation.

The facts pleaded are: Connoley is a member of the church. J. T. Smith is the acting pastor, and the other defendants are deacons or members of the church. On and prior to April 17, 1933, there was in effect the following rule:

"All business pertaining to the church before the church passes on it the church will inquire to see if it has been before the Board; if not will demand it to come before the Board for investigation, except granting letters for dismission or receiving candidates for baptism or receiving letters for membership."

On April 17, 1933, the defendants prepared new rules, and procured their adoption by the church without first having submitted them to the board of deacons, as required by the above-mentioned rule, and their action in preparing the new rules and presenting them to the church for adoption was illegal, unlawful, and wrongful. Plaintiff was unable to file a copy of either the old rules or the new rules, and did not state the substance of either.

In the Baptist Church there is no judicatory with revisory power. Each congregation is supreme, and may adopt such rules and regulations as may meet with the approval of the majority. Any error, mistake, or irregularity in its action must be corrected by the membership of the church, and the courts will never interfere, unless some civil or property right is violated. Thomas v. Lewis, 224 Ky. 307, 6 S. W. (2d) 255; 23 R. C. L. 432. What the new rules provide, or in what way they affect appellant, is not disclosed. There is no show-

ing that any civil or property right is involved. That being true, the controversy concerning the new rules is a matter to be settled by the congregation and not by the courts.

It follows that the injunction was properly denied. Judgment affirmed.