ALL SAINTS POLISH NATIONAL CATHOLIC CHURCH *v.*
GERALD.

1. RELIGIOUS SOCIETIES—SUCCESSION—CONVEYANCE OF PROPERTY.

Upon payment of sum due under contract, church, as corporate
successor of predecessor parish organization, *held,* entitled to
conveyance of property where the organization has been con-
tinuous and uninterrupted since its inception and title holders
do not dispute factual succession or show different organization
to which deed could be made.

2. SAME—ACCOUNTING BY PRIEST—FIDUCIARIES.

Church, as corporation succeeding to parish organization which
had contracted for conveyance of property from parish priest
and another upon payment of mortgage, *held,* entitled to
accounting from priest who had acted as financial agent as to
validity of claims for salary and loans and as to evidence of
payment of private debts, where he occupied a fiduciary posi-
tion towards the parish and his accounts had been perfunc-
torily accepted as true.

Appeal from Wayne; George (Fred W.), J., pre-
siding. Submitted March 15, 1935. (Docket No.
161, Calendar No. 37,958.) Decided April 8, 1935.

Bill by the All Saints Polish National Catholic
Church, a Michigan ecclesiastical corporation,
against Francis B. Gerald and others to quiet title,
for an accounting, an injunction and other relief.
Bill dismissed. Plaintiff appeals. Reversed and re-
manded.

*John L. Crandell,* for plaintiff.

*Andrew R. Posluszny* (*Michael J. Mozola,* of coun-
sel), for defendants.

Fead, J. The bill prays accounting, quieting of title, injunction and general relief. Defendants had decree dismissing the bill, denying accounting from defendant Gerald and confirming title in defendants Nyzack, subject to land contract with balance of $3,730.

In 1920 a parish in Detroit desired property for church purposes. The priest, Rev. John Toporowski, and Andro Kusek advanced moneys, took contract to themselves and, in turn, gave contract to "Transfiguration Parish of the Polish Catholic Church of America, a Michigan corporation," consideration $8,200. Fr. Toporowski was succeeded by defendant Rev. Gerald as priest. In 1922 the original contract of purchase was assigned to "All Saints Parish." In June, 1923, Fr. Gerald and Anthony Golis advanced money for the parish, took deed to the property and executed an agreement to carry out the contract with "All Saints Parish." The balance on the contract was $2,768, but the consideration stated in the agreement was $4,800. On February 15, 1927, a new land contract was made by Fr. Gerald and Golis to the "Parish of All Saints, Polish Catholic Church of Detroit, a Michigan corporation," for consideration of $15,000, reciting down payment receipted of $3,427.77, and balance of $11,572.23. October 10, 1927, Golis assigned his interest in the contract to Fr. Gerald. Payments were made on the contract to August 24, 1931, when the balance of principal was $3,730.60. July 6, 1931, defendant Gerald conveyed by deed to defendants Nyzack, his daughter and son-in-law. No consideration was shown.

During all his pastorate, Fr. Gerald handled the parish finances, taking charge of the receipts and paying the bills. At times officers of the parish also

kept some accounts and committees periodically examined the priest's books and formally approved them. The parish had full confidence in Fr. Gerald. The officers and committees obtained from him items for their own books and the approval of his acts was more perfunctory than by way of actual audit.

In 1929, trouble arose and Fr. Gerald left the parish. In 1931 plaintiff's officers expressed a desire to pay the balance on the contract and obtain a deed. To that time the accounts of the priest had not been questioned. Fr. Gerald refused to convey to plaintiff, claiming it was not the vendee in the contract and otherwise avoiding the issue of delivering a deed. His conduct aroused the suspicion of plaintiff's officers, they consulted an attorney and commenced this suit.

When Fr. Gerald left the parish he took his books of account with him. He refused to surrender them to the parish or permit examination of them, and he did not appear at the hearing of this suit nor testify. Books were presented by his counsel during the hearing. Some items need his explanation. The record discloses no reason for his attitude toward an accounting nor his transfer of title to his relatives when deed was sought.

It will be noted the name of the parish has been variously stated in the different instruments. There was no explanation of the differences. The articles of association of the parish as a corporation under such names cannot be found. Investigation at the office of the secretary of State failed to disclose any such incorporation. Upon this record there is nothing to show the parish was a corporation except the recitals in the contracts. In 1929 plaintiff was duly organized as a corporation. While the record indicates trouble at times in the parish, it was settled

by a new election. Upon the record there appears no doubt that plaintiff is the corporate successor of the former organization, whether it was voluntary or corporate. The organization has been continuous and uninterrupted since its inception. No one seems to have questioned it until this controversy arose. The fact is not now disputed. Defendants merely deny legal succession. Particularly in view of the fact of succession and that there was shown to be no different organization to which deed could be made, plaintiff is entitled to conveyance upon payment of the contract.

The record indicates that the contract sum of $11,572.23 was made up of a mortgage, a loan by Golis, two private debts aggregating $475, and loans and salaries due Fr. Gerald of $5,000. The mortgage and Golis loan do not seem to be disputed. There was no showing of payment by Fr. Gerald nor assignment to him of the private debts. Neither from the books nor otherwise was there evidence of the validity of the charge of $5,000, except the formal approval of Fr. Gerald's account by a committee.

The relation between Fr. Gerald and the parish was not that of vendor and vendee. At no time did his contracts covering the real estate represent an actual purchase price. They were equitable mortgages, securing advances and sums claimed to be owing by the parish to Fr. Gerald and Golis. Nor was the relation merely that of debtor and creditor. Fr. Gerald did not deal with the parish at arm's length. He was its financial agent as well as spiritual advisor. His accounts were taken as true. He occupied a fiduciary position toward the parish.

The circumstances entitle plaintiff to an accounting from Fr. Gerald of the validity of the charge of

$5,000 and evidence of payment of the private debts of $475 or assignment thereof. At this late date it would be inequitable to require him to justify all the items in his management of the parish funds, as prayed by plaintiff, particularly where the approval of parish officers or committees appears to have been more than formal. On the other hand, investigation may disclose items which need explanation. Except as to the items making up the contract sum, the extent of accounting must depend upon developments and be largely within the discretion of the court.

On such accounting and payment of the sums found due on the contract, if any, plaintiff is entitled to conveyance from defendants.

The decree will be set aside and the cause remanded for an accounting in accordance with this opinion, the costs to await the final result.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.