## KOMPIER *v.* THEGZA ET AL.

[No. 26,992.  Filed March 1, 1938.  Rehearing denied March 22, 1938.]

*Harry Sharavsky,* and *Frank L. Welsheimer,* for appellant.

*Galvin, Galvin & Leeney,* and *Green & Powers,* for appellees.

TREMAIN, J.—This is an action filed by the appellant against First St. Mary's Greek Catholic Church of Whiting, Indiana, and certain officials. Appellant alleges that he is a member of said church in good stand-

ing; that the church is incorporated pursuant to the Voluntary Association Act of the State of Indiana (Chapter 127, Acts 1901) ; that it is provided in Article VII of the Articles of Association that on the first Sunday of January, 1921, and of each year thereafter, the entire membership of the church shall meet in the church edifice and elect trustees and other officers to serve during the ensuing year; that the trustees are authorized to manage and conduct the affairs of the corporation; that Article III of the Articles of Association provides that the laws and rules of the Holy Roman Catholic Church and of the Greek Catholic Church of America are made part of the Articles of Association in all matters pertaining to the ecclesiastical government of the church, provided they are not in conflict with the laws of the United States or the state of Indiana.

The complaint alleges that, following the organization of the church, the members met each year on the first Sunday of January for the purpose of electing officers; that nominations for the particular offices were made by some member or members of the church, announcing the name or names of the candidates for each office; that an election was had by a vote of the membership; that said procedure was followed until the annual election held on the first Sunday in January, 1934, at which time the priest in charge of that congregation, contrary to the provisions of the Articles of Association, changed the method of the election of the officers, and prepared a printed ballot containing the names of 98 members of the church, and distributed the same among the membership; that the 98 names constituted a partial list of the membership; that a written notice was given that on the first Sunday in January, officers would be elected from that list by ballot, which the appellant alleges to be illegal, and, which deprives him of his free

right to participate in the election pursuant to the Articles of Association.

The prayer of the complaint, as well as its allegations, presents for the consideration of the court but one question: Whether the election should be had by a vote of the congregation as it was prior to 1934, or whether it should be had by ballot as directed by the priest of that parish.

The appellees answered in three paragraphs, in which they deny the allegations of the complaint, and allege specifically that the appellant is not a member in good standing of First St. Mary's Greek Catholic Church of Whiting, and is not entitled to participate in the business affairs of the church. It is further alleged that, pursuant to Article III of the Articles of Association, in which it is provided that the rules and laws of the Holy Roman Catholic Church and of the Greek Catholic Church of America shall be a part, the bishop of that diocese, located at Pittsburgh, Pennsylvania, was given control of the ecclesiastical government of the church in all matters which do not conflict with the law of the land; that these rules gave the bishop full power and authority to designate the manner of conducting the election of officers of the church; that pursuant thereto, the bishop of that diocese issued an order governing the election in January, 1934, and the election was had pursuant thereto. The appellant filed a reply in general denial.

Upon request, the court made special findings of fact, in which it is found that First St. Mary's Greek Catholic Church of Whiting is incorporated under the laws of the state of Indiana; that Article III contains provisions alleged in the answer filed by appellees; that all matters pertaining to the ecclesiastical government and control of the church are under the jurisdiction of church officials.

The court expressly found that the appellant had been suspended, before the filing of the complaint herein, on account of misconduct and violation of the rules of the church, and possessed no right to participate in church matters; that the election of officers was had pursuant to the rules of the church and did not violate any of the terms of the Articles of Association, or the laws of the State. The court concluded that the law was with the defendants and that the plaintiff take nothing.

Judgment was rendered accordingly. Appellant filed a motion for a new trial, which was overruled with proper exceptions. The case is brought to this court upon the facts heretofore indicated. No demurrer was filed to the complaint.

The appellant admits, in his brief, that the courts will not take cognizance of church matters which are purely ecclesiastical. He claims to have a property right in this church organization because it is incorporated under the Voluntary Association Act of this state. Sec. 7, Chap. 127, Acts 1901. Churches often exist without incorporating under the state laws. The statute in this state provides for the incorporation of religious sects, bodies, and denominations. The members of a religious association have the right on their own initiative to incorporate. They may do so and reserve exclusive control to themselves of such property as they may acquire, or they may organize in subordination to the discipline and rules of any greater body of which they may form an integral part. *Parish of Immaculate Conception* v. *Murphy* (1911), 89 Neb. 524, 131 N. W. 946, 35 L. R. A. (NS) 926.

St. Mary's Greek Catholic Church reserved, by express declaration in its Articles, the right to be controlled and governed by the rules and regulations not only of the Greek Catholic Church in America but also the Holy Roman Catholic Church. With

this provision in the Articles of Incorporation, the appellant is not in a position, even if he were a member, to appeal to the courts for redress on the ground that his church is incorporated under the state laws.

It is the law in this state and in this country generally. that the ecclesiastical rules and regulations of any church organization shall be controlling upon the members of the organization, and will be given full effect by the civil courts so long as they are reasonable and not inconsistent with, or repugnant to, the civil laws.

Questions relating to church affairs and property rights have been before this court on numerous occasions. In *Dwenger et al.* v. *Geary et al.* (1888), 113 Ind. 106, 14 N. E. 903, the question of the right of a lot owner in a Catholic cemetery to inter therein a person who was not a member of the church was before the court. The court held that although the defendant in that case owned the lot in the cemetery, nevertheless he owned it subject to the rules of the church governing the cemetery in force at the time. In that case the land was conveyed for use as a burial place for members of the Catholic church, and was taken possession of and controlled by the proper officers of that religious denomination, and consecrated according to the laws of the church. One purchasing the lot took it subject to those rules. In the Dwenger case the question of membership in the church of the person sought to be interred in the cemetery was brought before the court. This court said: "No power save that of the church can rightfully declare who is a Catholic. The question is purely one of church government and discipline, and must be determined by the proper ecclesiastical authorities."

In support of that proposition, the case of *White Lick Quarterly Meeting, etc.* v. *White Lick Quarterly Meet-*

*ing, etc.* (1883), 89 Ind. 136, was cited. Authorities on this subject are so numerous that citation is unnecessary. It is to be understood always, that, if a right to property is involved, the courts will intervene, but in no other instance. The courts will not undertake to control proceedings of ecclesiastical bodies. Also see *State, ex rel.* v. *Cummins* (1908), 171 Ind. 112, 118, 85 N. E. 359.

It is not the province of the court to decide who is a member of a church or whether the excommunicated have been denied membership justly or unjustly, regularly or irregularly. The decision of the church authorities upon that subject is final. When a person becomes a member of the church, he thereby submits himself to the ecclesiastical jurisdiction in all ecclesiastical matters, and he has no legal right to invoke the supervisory power of a civil court so long as none of his civil rights are involved. The courts have no jurisdiction to review the action of the ecclesiastical courts in excommunicating one of its members. To constitute one a member of any church, two points at least are ordinarily essential: (1) a profession of its faith, and (2) a submission to its government. Although the appellant avers in his complaint that he is a member and has professed his faith in First St. Mary's Greek Catholic Church, the trial court specifically found that he was not a member, but on account of his transgressions had been suspended. His dismissal was made in conformity to church rules. All questions relating to the faith and practice of the church, and its members, belong to the church judicatories, to which they subjected themselves voluntarily.

The appellant has predicated error upon the admission in evidence of certain exhibits. Even if the appellant had any standing in court and were in a position

to question the exhibits, the reasons assigned are without legal support.

The record does not present reversible error.

The judgment of the lower court is affirmed.

Roll, C. J., absent.