CALVARY BAPTIST CHURCH OF PORT HURON, MICHIGAN,
*v.* SHAY.

1. RELIGIOUS SOCIETIES—ECCLESIASTICAL MATTERS—PROPERTY RIGHTS.
In matters of church polity purely ecclesiastical, civil courts do
not interfere, but when property rights are involved they are
to be tested in the civil courts by the civil laws.

2. SAME—QUIETING TITLE—PROPERTY RIGHTS—INJUNCTION—WITH-
DRAWAL FROM CONGREGATION—FINDING OF FACT.
In suit to quiet title to church property in which court dissolved
the new church corporation, discharged mortgage which it had
given and adjudged old corporation' to be the absolute owner
in fee of the real and personal property described in bill, re-
fused to find that defendants seceded or withdrew from the
old church and refused to enjoin their use of the property
involved, court's action *held*, proper.

Appeal from St. Clair; Robertson (William), J.
Submitted January 4, 1940. (Docket No. 58, Calen-
dar No. 40,744.) Decided March 15, 1940.

Bill by Calvary Baptist Church of Port Huron,
Michigan, a Michigan corporation, by its trustees
consisting of Arthur Bowers and others, against
Reverend Adolph D. Shay, Calvary Baptist Church
of Port Huron, a Michigan corporation (incorpo-
rated June 2, 1938), and others to set aside a mort-
gage, dissolve a corporation, and for an injunction
and other relief. From decree rendered, plaintiff
appeals. Affirmed.

*Haight & Coash* and *Richard W. Holt,* for plain-
tiff.

*Watson & Tappan* and *W. Grafton Sharp,* for defendants.

BUSHNELL, C. J. Plaintiff corporation appeals from a decree which granted some of the relief sought in its bill of complaint. A division in the Calvary Baptist Church of Port Huron brought about the expulsion of some of its members and the incorporation by its pastor and others of a second Michigan corporation of the same name on June 2, 1938. Plaintiff incorporated as a Baptist church in 1900, became a member of the Huron Baptist Association and the Michigan Baptist Convention, and has remained such continuously from that time to the present. It acquired title to its real property by deed from the First Baptist Church of Port Huron on June 6, 1907, and all of its real and personal property has since been held by its trustees for church purposes.

In 1930 defendant Rev. Adolph D. Shay became the pastor of the church, which at the time had about 60 active members. It is his claim that the action taken in 1938 was but a reincorporation of the original church. In any event, subsequent to the division in the congregation, defendant corporation adopted resolutions withdrawing from the "Huron Baptist Association, the Michigan Baptist Convention, and the Northern Baptist Convention." These bodies in the order named are the local, State, and national units of the Baptist Church.

It is unnecessary to indulge in an extended discussion of the form of government of the Baptist Church in the United States, that subject having been fully covered by authorities cited below and by "The New Directory for Baptist Churches," by Edward D. Hiscox, D. D. It is sufficient to say that it is congregational in its nature. See *Mt. Zion*

*Baptist Church* v. *Whitmore,* 83 Iowa, 138 (49 N. W. 81, 13 L. R. A. 198); *Smith* v. *Pedigo,* 145 Ind. 361 (33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 838); and annotations in 8 A. L. R. 102 and 70 A. L. R. 75.

After Reverend Shay became pastor of the church, a difference arose in the congregation regarding the continuation of the relations between the church, the association, and the two conventions. After an unsuccessful attempt to secure the resignation of Reverend Shay, charges were preferred by a group of the members. In accordance with the law of the Baptist Church, a committee formulated these charges and requested a mutual council. The "new or seceding group" named Dr. J. Frank Norris of the Temple Baptist Church of Detroit as their counsel, whom the committee of the "old or regular group" refused to meet. An *ex parte* council was then called consisting of "messengers" from other churches in the Huron Baptist Association, whom the "new group" refused to meet. This *ex parte* council, after considering the situation, recognized the "old group" as the Calvary Baptist Church of Port Huron, and found that members whose names had been dropped from its rolls had been illegally deprived of their membership. The "new group" refused to recognize the authority of the *ex parte* council or relinquish control and possession of the premises, and withdrew its support from the association and conventions.

The new corporation executed a mortgage on the church property to Reverend Shay for $700 of back salary.

Plaintiff corporation, by its duly elected trustees, then filed a bill of complaint seeking a decree quieting title to the real property of the church, asking that defendants be forever restrained from using the

name of "Calvary Baptist Church of Port Huron,"
requiring them to return all personal property ac-
quired or collected, with an accounting for same,
and discharging the mortgage referred to. The
court decreed a dissolution of the new corporation,
discharged the . mortgage, and adjudged plaintiff
corporation to be the absolute owner in fee of the
real and personal property described in the bill of
complaint.

Plaintiff urges on appeal that the court's decree
should have been broader in that defendants should
should have been determined to be seceders from
the Calvary Baptist Church of Port Huron. This
court is asked to issue a permanent injunction re-
straining defendants from using any of plaintiff's
property, real or personal, for the purpose of col-
lecting missionary funds to be sent to the "World
Fundamentalist Baptist Fellowship." Plaintiff says
this "Fellowship" has no ecclesiastical connection
with regular Baptist churches.

With the doctrinal disputes between the parties,
whether they be with respect to "fundamentalism"
or any other ecclesiastical matters, the courts have
no concern. Much has been written and much can
be said on this subject, but little that is new can be
added to that expressed by this court in *Fuchs* v.
*Meisel,* 102 Mich. 357 (32 L. R. A. 92); *Russian
Orthodox All Saints Church* v. *Darin,* 222 Mich. 35;
*Hanna* v. *Malick,* 223 Mich. 100; *Komarynski* v.
*Popovich,* 232 Mich. 88; *Horbal* v. *St. John's Greek
Catholic Church,* 260 Mich. 331; and *All Saints
Polish National Catholic Church* v. *Gerald,* 271 Mich.
187. It is enough to say that we have not departed
from the rule that:

"In matters of church polity purely ecclesiastical,
civil courts do not interfere, but when property

rights are involved they are to be tested in the civil courts by the civil laws.'' *Komarynski* v. *Popovich, supra.*

The trial judge stated in his opinion:

''I cannot find as a fact that the defendants seceded or withdrew from the church. * * * I feel that the court has no jurisdiction to govern the religious views of the members so long as they follow the Baptist principles of worship.''

A review of the testimony does not indicate any basis for overruling the finding of fact made by the trial judge. Nor do we disagree with his view that injunctive relief was unnecessary. The property rights of the parties have been correctly adjudicated.

Under the form of government of the Baptist Church, that of local majority rule, the good sense and sound judgment of the membership should prevail. Members of any church ought to be disposed to further the cause of their religious belief rather than dissipate their energy and means in senseless bickering. In any event, the parties should be encouraged to follow this course and given every opportunity to do so. Again we say, in church disputes, courts are concerned with property rights only, and those rights may be protected by court order if occasion requires.

The decree of the trial court is affirmed and appellees may have their costs.

SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.