ANNIE HARDIN v. THE TRUSTEES OF THE SECOND BAPTIST
CHURCH OF THE CITY OF DETROIT.

*Religious societies—Expulsion from the church.*

51   137
99   604
51   137
100  181
51   137
147  1234

.A religious society incorporated by voluntary association under Comp. L.
ch. 108 is a temporal body and distinct from the church organized
from it, with which it has nothing to do except as it provides for its
wants.

.An action in damages for expulsion from the church will not lie against
the religious society connected therewith, even though the church be
an integral part of the society.

Error to Wayne.   (Jennison, J.)   June 13.—June 22.

CASE.   Plaintiff brings error.   Affirmed.

.Sylvester Larned for appellant.

Wilkinson, Post & Wilkinson for appellee.

COOLEY, J.   The preliminary objection to the mainten-
·ance of this action is so unmistakably fatal that there can
·be no occasion or excuse for considering any other.

The plaintiff, who, previous to February 2, 1881, was a
member in good standing of the Second Baptist Church of
Detroit, brings suit against the defendant to recover dam-
·ages for having been on that day unwarrantably and with-
·out trial upon charges expelled from membership.   The

suit is against the corporate body known in law as " The Trustees of the Second Baptist Church of Detroit," and which was organized by voluntary association under authority conferred by the Revised Statutes of 1838. The provision contained in that Code is substantially the same which has always existed in this State, and which is simple and easily understood. Persons desirous of forming themselves into a religious society sign articles of association for the purpose, agree upon a name, elect trustees and put their articles on record when duly perfected. They thereby become a corporation by the name agreed upon, and may take, hold and convey property and exercise the ordinary functions of corporate bodies. The associates are not necessarily professors of any particular belief or faith, or members of any church; and corporate succession is kept up by conferring the privileges of corporators on all who regularly attend worship in the society and contribute to its support. And the trustees who are to manage the temporal affairs of the corporation may or may not be church members.

Connected with the corporation the statute contemplates that there will be a church, though possibly this may not be essential. In this case there is one. The church has its members who are supposed to hold certain beliefs and subscribe some covenant with each other if such is the usage of the denomination to which the church is attached. The church is not incorporated, and has nothing whatever to do with the temporalities. It does not control the property or the trustees; it can receive nobody into the society and can expel nobody from it. On the other hand, the corporation has nothing to do with the church except as it provides for the church wants. It cannot alter the church faith or covenant, it cannot receive members, it cannot expel members, it cannot prevent the church receiving or expelling whomsoever that body shall see fit to receive or expel. This concise statement is amply sufficient to show that this suit has no foundation. The corporation is sued for a tort which it neither committed nor had the power to prevent, and which has occurred in a proceeding where the

interference of the corporation would have been an impertinence.

But it is said that the church is an integral part of the corporation; or rather that it is the corporation in its spiritual capacity. Its being an integral part of the corporation proves nothing: counties, towns and school-districts are integral parts of the State, but the State is not for that reason liable for their torts. And as to spiritual capacity, the corporation has none; it is given capacity in respect to temporalities only. If the corporation had assumed to expel this plaintiff from the church, she might treat its action with contempt. But as she makes no complaint of wrongful corporate action, we must assume that the corporation has never invaded her rights. If the church has done so, the church alone is culprit.

The distinction between church and corporation in these cases is sufficiently explained in the following authorities: *Baptist Church v. Witherell* 3 Paige 296: s. c. 24 Amer. Dec. 223; *Lawyer v. Cipperly* 7 Paige 281; *Robertson v. Bullions* 11 N. Y. 243; *Bellport v. Tooker* 29 Barb. 256, and 21 N. Y. 267; *Burrel v. Associate Reformed Church* 44 Barb. 282; *Miller v. Gable* 2 Denio 492; *Ferraria v. Vasconcellos* 31 Ill. 25; *Calkins v. Cheney* 92 Ill. 463; *Keyser v. Stansifer* 6 Ohio 363; *Shannon v. Frost* 3 B. Mon. 253; *German etc. Cong. v. Pressler* 17 La. Ann. 127; *O'Hara v. Stack* 90 Penn. St. 477; *Sohier v. Trinity Church* 109 Mass. 1; *Walrath v. Campbell* 28 Mich. 111. See also *Hale v. Everett* 53 N. H. 9.

The judgment must be affirmed with costs.

The other Justices concurred.