SALE v. THE FIRST REGULAR BAPTIST CHURCH OF MASON CITY.

1. **Mandamus**: TO REINSTATE ONE EXPELLED FROM A CHURCH. *Mandamus* will not lie to compel a religious corporation to reinstate a member of the church who has been expelled therefrom, in a case where the expulsion was not a corporate act, and did not affect any property interest or other valuable civil right of the expelled member.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, OCTOBER 18.

THE petition states that the defendant is a corporation; that the plaintiff was a member thereof and entitled to enjoy all the privileges and franchises pertaining to such membership; that the plaintiff was notified by the clerk or secretary of the defendant that at a meeting of the corporation she "was expelled therefrom, and cut off and cast out from her privileges and franchises as a member of the organization." The notice referred to is as follows:

"MASON CITY, IOWA, Jan. 25th, 1882.
"MRS. S. C. SALE,
"DEAR MADAM:

"It has become my duty as clerk of the First Baptist Church of Mason City, Iowa, to inform you that at a meeting of the Church, held on Tuesday, January 24th, inst., for insufferable offenses against the Church, the hand of fellowship was withdrawn from you.

"Respectfully Yours,
"J. G. BROWN, Ch. Clerk."

" That plaintiff had no notice of said meeting, nor had she any notice of any charge having been preferred against her, nor had she transgressed or violated any rules of said corporation, nor had she neglected to do any duty incumbent upon her by reason of her membership in said body; and plaintiff is informed and believes no charges were ever

preferred against her.   That after the action aforesaid the plaintiff made the following written request and demand of defendant, to-wit:

" 'To the First Regular Baptist Church of Mason City, Iowa:

" 'Mrs. S. C. Sale, having received notification from the Clerk of the Church of the withdrawal on the 24th day of January, 1882, of the hand of fellowship from her for insufferable offenses against the Church, and knowing, as all Baptists do know, that such action, in such manner and method, and at such a time as was then taken, was in violation of all existing principles, regulations or usages of the denomination:

" ' Therefore she requests that any and all record of said action be expunged from the record, and that, if there be any charges against her, her accuser or accusers and the charges be at once made known to her.' "

That afterward the defendant took action upon such request as follows:

"After prayer-meeting, Thursday evening, February 9th, 1882, Mrs. S. C. Sale presented a written request that the church reconsider its action of January 24th, 1882, when the hand of fellowship was withdrawn from her (to-wit, Mrs. S. C. Sale).   On motion the church voted to indefinitely postpone the consideration of the matter."

That by the rules and laws governing such organization it was the duty of the defendant to notify the plaintiff of any charges against her, and give her an opportunity to defend the same by citing her to appear and answer the same.   That plaintiff was unlawfully expelled by said corporation in violation of the rules and by laws thereof.   A copy of the Articles of Corporation, and a "copy of the rules and regulations of said church government in matters of discipline of members," are attached to and made a part of the petition.   The relief asked is that a writ of *mandamus* issue commanding defendants to reinstate plaintiff as a member of the corporation. To the petition there was a demurrer, which was overruled,

and, defendant electing to stand thereon, final judgment in favor of the plaintiff was entered. The defendant appeals.

*Glass & Hughes* and *Miller & Cliggett*, for appellant.

*Blythe* and *Markley*, for appellee.

SEEVERS, J.—When rights of property are in controversy, it is conceded by counsel for the appellant that the courts have the jurisdiction and power to inquire as to the proceedings of an ecclesiastical body which affect such right. And, on the other hand, as we understand, counsel for the appellee concede that, if there was no corporation, the courts could not inquire and determine whether the plaintiff had been lawfully expelled from the church for unchristian conduct, or for non-compliance with the rules and discipline of the church. But the appellee insists that, as a member of the corporation, the plaintiff was possessed of certain rights, for the protection of which she may appeal to the courts. This we understand to be the single question to be determined. The demurrer admits all the allegations of the petition which are well pleaded, and no more. The petition states that the corporation expelled the plaintiff, but this is a conclusion from the facts pleaded, and we have to inquire whether the allegation is true, and, if so, whether the plaintiff has been deprived of a valuable right. The corporation and church, in so far as the discipline of the latter is concerned, are not identical. The object of the corporation is declared to be "purely religious, and the building up of a church membership." To that end it has charge of all the interests and property which is now owned, or may hereafter be owned, by the "First Regular Baptist Church, of Mason City, Iowa." It also has power to acquire property, and sue and be sued, and all powers enjoyed by "corporations organized for religious purposes under the existing laws of Iowa." The officers of the corporation consist of five trustees, clerk and treasurer. The trustees have the care of the property, both real and personal, and

manage the affairs of the corporation. New members shall be admitted to membership, and other members released therefrom, according to the rules governing the Regular Baptist denomination of the United States. Certain "rules of church government in the matter of the discipline of members" are made a part of the petition, but it does not appear that such rules have been adopted by, or can be regarded as by-laws or rules governing, the corporation. The only and primary object of the corporation is the acquisition and taking care of property. The rules of the church as to the discipline of members have no relation to the corporate property or corporate matters. Now, it is quite clear that the plaintiff was expelled or cut off by the church for "insufferable offenses" against the church. The "hand of fellowship was withdrawn," not by the corporation, but by the church. The plaintiff sought to be restored to the church, and the church voted to indefinitely postpone the application." The corporation is not managed by the church, but by trustees. The latter have taken no action in relation to the plaintiff, nor has she been expelled therefrom by any action of the corporation, unless what was done by the church amounts to expulsion from the corporation. It will be conceded that all members of the church have the right to vote for and select the trustees of the corporation, and it will be conceded that the plaintiff has been deprived of this right by ceasing to be a member of the church. For some alleged offense against the church, the plaintiff has been expelled therefrom by the church. This is a purely ecclesiastical question into which we cannot enquire. By virtue of her church membership, the plaintiff became a member of the corporation, entitled only to the rights and privileges of a member of a corporation organized for religious or ecclesiastic purposes. The corporation was not organized for pecuniary profit. No such profit can possibly accrue to any member. No property interest, or any other valuable civil right, has been affected by the action of the church. The plaintiff

has not and cannot suffer any civil damages whatever. This view is in harmony with *Hardin v. Baptist Church*, 51 Mich., 137, where numerous authorities are cited. See also the later case of *Livingston v. Trinity Church*, 16 Vroom, 230. We are of the opinion .that the court erred in overruling the demurrer.

REVERSED.