WILLIAM H. BUETTNER v. ROBERT E. FRAZER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Religious societies—Membership—Jurisdiction of civil courts.*

Chap. 170, How. Stat., which provides for the organization of religious societies, indicates who may be members of the corporation, but does not determine the qualifications of church members, or the mode of their admission, which questions are, primarily at least, of ecclesiastical cognizance; and, in case of disagreement, both parties must first exhaust the remedies afforded by the ecclesiastical body before the courts will consider the questions involved.[1]

*Mandamus.* Argued April 10, 1894. Granted May 4, 1894.

Relator applied for *mandamus* to compel respondent to dissolve an injunction. The facts are stated in the opinion.

*Thomas Hislop*, for relator.

---

[1] For cases involving the construction of certain provisions of Act No. 145, Laws of 1855, entitled " An act concerning churches and religious societies, establishing uniform rules for the acquisition, tenure, control, and disposition of property conveyed or dedicated for religious purposes," being, as amended, chapter 170, How. Stat., see *Wilson v. Livingstone*, 99 Mich. 594, and note.

*Otto Kirchner,* for respondent.

McGRATH, C. J.    The German Evangelical Lutheran Christus Church of Detroit is alleged to be incorporated under chapter 170, How. Stat.    William H. Buettner is, and has been for several years past, the pastor of said church.    Three persons, claiming to be trustees of said church, file a bill against said Buettner to establish the validity of action taken at a certain church meeting, at which .it is alleged that the pastoral relation was dissolved, and, anticipating an attempt to rescind said action, to restrain said Buettner from admitting or pretending to admit to membership any person whatever without the consent of a majority of the church council, and from voting or offering or advising any person or persons to vote at any meeting of said church who did not sign the articles of association, or who was not received by a majority of said church council, or who was received by said defendant without the consent of said church council, and who has not been a member of said church six months preceding any meeting of said church at which he offers or is advised to vote.    An injunction was obtained in accordance with the prayer of the bill.    Upon answer filed, a motion to dissolve the injunction was made and denied. An application is now made for a *mandamus* to compel such dissolution.

It will be observed that the questions involved relate to the method of admission to membership in the denominational body, and the qualification of voters at a meeting, not of the corporation, but of the church.    It must be borne in mind that there are really two associations here, —the one a voluntary association, with entirely independent activities, deriving its authority, not from the statute, but from an ecclesiastical body; the other, an incorporated body, deriving its powers from the statute.    The statute

indicates who may be members of the corporation, but does not determine the qualifications of church members, or the mode of their admission. *Hardin v. Baptist Church,* 51 Mich. 137. Those questions are, primarily at least, of ecclesiastical cognizance, and both parties must first exhaust the remedies afforded by the ecclesiastical body before the courts will consider the questions involved.

The writ must issue as prayed.

The other Justices concurred.