REINKE v. GERMAN EVANGELICAL LUTHERAN TRINITY CHURCH.

An incorporated religious society, having no capital stock, the powers of which relating to business and property are reqired by its charters to

be exercised by a board of trustees, only two-thirds of whom need be members of the church, and whose action may be rejected by the congregation, and who have nothing to do with the matters of discipline or expulsion, is not liable for damages for the expulsion of a member by the congregation.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Brookings county; Hon. JULIAN BENNETT, Judge.

Action by August Reinke against the German Evangelical Lutheran Trinity Church.   Judgment for plaintiff.   Defendant appeals.   Reversed.

*Cheever & Cheever*, for appellant.

A religious corporation has nothing to do with the church represented by it, except as it provides for its temporal wants. It cannot alter the church faith or covenant; it cannot receive or expel members, or prevent the church, as distinguished from the corporate body, from receiving or expelling whomsoever that body may see fit to receive or expel, and consequently no action can be maintained against the corporation for an alleged expulsion of a member from the church.   Hardin v. Baptist Church, 16 N. W. 311 and cases cited.

For some alleged offense against the church, the plaintiff has been expelled therefrom by the church.   This is a purely ecclesiastical question into which we cannot inquire.   By virtue of her church membership, the plaintiff became a member of the corporation entitled only to the rights and privileges of a member of a corporation organized for religious and ecclesiastical purposes.   The corporation was not organized for pecuniary profit, and no such profit can possibly accrue to any member.   No property interest or any other valuable civil right

has been affected by the action of the church. The plaintiff has not and cannot suffer any civil damages whatever. Sales v. Church, 17 N. W., 143.

Excommunication by vote of the majority of the members voting at any conference of a purely congregational and independent church, although it is made without notice to the accused of the charges against him, or an opportunity to vindicate himself, and under an erroneous construction of the usage and practice of the church, is an act of the church, which cannot be reviewed or interfered with by a civil court. Nance v. Busby, 15 L. R. A., 801, and cases cited; Powers v. Budy, 63 N. W., 476; Pounder v. Ash, 63 N. W., 48.

A member of a private corporation formed by the voluntary association of its members, not for pecuniary profit, but for benevolent purposes, cannot recover damages from the corporation upon being improperly and unlawfully expelled from membership. Peyre v. Zouaves, 27 Pac. 191.

*Alexander & Hooker* and *Philo Hall* for respondent.

It is conceded that church organizations exist wherein the property employed for the exercise of the functions of a religious body is owned and administered by a corporation separate and distinct from such religious body and composed of a different membership. Excommunication, in this case, deprived the member not merely of the right of religious communion with his fellow members, in accordance of the customs and usages of a particular sect, but also deprived him of a tangible interest in the property of the corporate body which he before possessed, The case at bar presents conditions similar to those which frequently arise in controversies between benevolent, beneficial, social and other voluntary societies and clubs,

and the members thereof, in which cases it has been universally held that the member has a legal right with respect to his connection with such organization, which can be enforced in the courts. Alnutt v. High Court of Forresters, 28 N. W., 803: Erd v. Bavarian etc. Aid Assn., 34 N. W., 555; Wuerthner v. Working Men's Beur. Soc., 79 N. W., 921.

The right of membership in a church is a valuable privilege of which no one should be debarred except for adequate cause shown, either by rules of the society, or after examination of the charges; after due notice, Gray v. Christian Soc. 137 Mass. 329; West Koshkonong Con. v. Ottesen 49 N. W. 24; State v. Jones 44 N. W. 658; Hoffman on Church Laws pp. 276-277; State v. Adams 44 Mo. 570; Bird v. Church 17 N. W. 747, Iowa; Church v. Holverson 44 N. W. 663, Minn.; First Baptist Church v. Wetherel 3 Paige Ch. 296, 24 Am. Dec. 223; People v. German etc. Church 6 Lans. 172.

FULLER, J.    In this action for damages, plaintiff recovered judgment against the corporate defendant for $190 alleged to have been contributed toward the acquisition of church property, and the controlling question here presented is whether an incorporated religious society is legally liable for damages arising from the action of the assembled congregation in excommunicating a member.

In substance, the complaint alleges that the minister employed conducts a parochial school, and the corporation owns a church, parsonage, and cemetery, from the rights, privileges, and benefits of which respondent is excluded by wrongful expulsion, and has thereby suffered damages in the amount claimed. Both the constitution and by-laws of appellant de-

clare that the church is established for the purpose of maintaining and promoting religious worship according to the general usages of the Evangelical Lutheran Church and there is nothing therein, nor in the statute conferring power to organize, which expressly authorizes the purchase of a cemetery or the establishment of a parochial school. The corporation has no capital stock, and its constitution and by laws, as well as the authorizing statute, require all powers relating to business and property to be exercised by a board of trustees, only two-thirds of which must be members of the church. These trustees, whose action the congregation by which they are elected may reject or ratify have nothing to do with the matter of discipline or expulsion, and the corporation is not bound by nor answerable in damages for the conduct of unofficial members, nor is money, voluntarily contributed for the support of the church, recoverable in an action of this character. Annie Hardin v. The Trustees of the Second Baptist Church of the City of Detroit, 51 Mich. 137, 16 N. W. 311, 47 Am. Rep. 555; Nance v. Busby (Tenn.) 18 S. W. 874, 15 L. R. A. 801; Sale v. The First Regular Baptist Church of Mason City, 62 Iowa, 26, 17 N. W. 143, 49 Am. Rep. 136. It follows from the diversity of functions, and the fact that non-members may be chosen as officers, that the corporation, created pursuant to statute for temporal purposes, is not identical with the ecclesiastical membership by which and from which respondent was expelled.

As this suit for damages neither involves a property right invaded by the corporation through the instrumentality of its trustees, nor relates to an act for which such corporation is in the slightest degree responsible, respondent cannot recover. The judgment appealed from is therefore reversed, with the direction that the complaint be dismissed.