## STATE ex rel. JOHNSON et al. v. TULANE AVE. BAPTIST CHURCH.

### No. 14070.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1932.

Henry G. McCall and Wm. H. Talbot, both of New Orleans, for appellants.

Wm. C. McLeod, of New Orleans, for appellee.

WESTERFIELD, J.

This is a proceeding by mandamus in which six individuals expelled by the Tulane Avenue Baptist Church seek to be restored to membership. The petition alleges that relators were regular and contributing members of the church; that on the 12th day of July, 1931, they were illegally expelled as a result of a conspiracy between J. A. Sharpe, the pastor, the chairman of the board of trustees (not named), and Irene Williams, clerk of the church. Other allegations follow involving the character of the pastor and his management of the church, his prejudice concerning plaintiffs, and, finally, that "on April 22 (1932) the pastor attempted to hold a meeting and by letting the women and children and anyone in the Church, even those who were not members, vote, excluded petitioners from the Church and after a request the Pastor on July 12th, 1931 in direct conflict with the laws of the organization and charter refused to recognize them and recommended that petitioners be dismissed; there was no legal ballot taken nor any trial given nor any notice given according to the rules of the Church and by-laws."

The church, an incorporated institution, excepted to plaintiffs' petition on the ground that it disclosed no right or cause of action. The exception was overruled, and defendant answered, in effect, that the exclusion of the plaintiffs was effected by legal means, whereupon the case was tried upon its merits and judgment rendered in favor of defendant dismissing plaintiffs' suit.

It will be observed that relators' claim is based entirely upon the alleged illegality of their dismissal from membership. There is no allegation concerning the deprivation of any civil right or pecuniary gain. The first question, therefore, is one which involved the exception of no cause of action, or the right of a court to interfere in a matter of this kind. The relators were expelled by action of the congregation, improperly influenced, so it is alleged, by the pastor and other church officials, but, nevertheless, by the other members of the church at a special meeting of the congregation.

By the great weight of authority the civil courts will not interfere in church government, or discipline, in ecclesiastical or spiritual relation with their members. The church authorities and such tribunals as they may set up for themselves are supreme in all spiritual matters and may arbitrarily expel from membership any individual with or without cause, as long as no civil rights are involved. In other words, the question of who shall be admitted to fellowship in any religious sect or order is one which concerns only the particular sect or order, and they are not required to worship with anyone whose presence is not agreeable. This is true, whether the expulsion of the individual be in disregard of the usage and practice of the church, or not. The opinion in the case of Nance v. Busby, 91 Tenn. 303, 18 S. W. 874, 877, 15 L. R. A. 801, which was written by Judge Lurton, then a member of the Supreme Court of Tennessee, afterwards an associate justice of the Supreme Court of the United

States, is very interesting and ably states the predominant view. There the court was considering the action of a church in expelling certain members of its congregation, who complained that the church procedure had been violated. There was conflicting evidence on the subject of illegal procedure. "But," said the court, "waiving this, and assuming that the usage of the church had been violated in the judgments of excommunication against complainants, we come to the question as to whether members so excluded can, in effect, appeal from such a sentence of an ecclesiastical tribunal to a civil court. Or must the civil court accept the fact of excommunication as a fact, whether regularly or irregularly pronounced?" The court then went on to say that the cases relied upon by plaintiffs, involving the wrongful expulsion of corporators of civil corporations affecting civil or pecuniary rights and other cases relating to membership in unincorporated societies where certain social or pecuniary rights were involved, were not in point because: "The relations of a member to his church are not contractual. No bond or contract, express or implied, connects him with his communion, or determines his rights. Church relationship stands upon an altogether higher plane, and church membership is not to be compared to that resulting from connection with mere human associations for profit, pleasure, or culture. The church undertakes to deal only with the spiritual state of man. It does not appeal to his purely human and temporal interests."

In the case of State ex rel. Soares v. Hebrew Congregation, "Dispersed of Judah," 31 La. Ann. 205, 33 Am. Rep. 217, we find the following:

"A mandamus will not lie to compel a religious society to restore to its membership one who had been expelled by a decree of the legally constituted church judicatory, on account of an alleged violation of some one or more of the laws of the society. The civil courts will not revise the ordinary acts of church discipline, or the administration of church government." (Syllabus.)

See Bouldin v. Alexander, 15 Wall. 131, 139, 21 L. Ed. 69; Watson v. Garvin, 54 Mo. 363; Hardin v. Second Baptist Church, 51 Mich. 137, 16 N. W. 311, 47 Am. Rep. 555; Hundley v. Collins, 131 Ala. 234, 32 So. 575, 90 Am. St. Rep. 33.

■ The authorities we have quoted are clearly to the effect that courts may not and should not interfere in matters of the sort complained by the relators in this case. We are of the opinion that the exception of no cause of action should have been maintained; but, since the conclusion reached upon the trial of the case on its merits involved the dismissal of plaintiff's suit,

The judgment appealed from will be affirmed.

Affirmed.