PRESBYTERY OF HURON, et al, Respondents, v.
GORDON, et al, Appellants

(300 N. W. 33.)

(File No. 8457.   Opinion filed October 7, 1941.)

**Max Royhl** and **George E. Longstaff,** both of Huron, for Appellants.

**E. A. Berke,** of Brookings, for Respondents.

SMITH, J.  This action deals with the beneficial interest in real property held by the "Murdock Memorial Presbyterian Church of Bancroft, South Dakota", a religious corporation organized under the statutes of South Dakota.  The controversy is the outgrowth of doctrinal differences which led members of the "Presbyterian Church in the United States of America" to withdraw from its fellowship and to form themselves into a church known as the Orthodox Presbyterian Church.  For convenience we shall refer to

these respective general church organizations as the "Presbyterian Church" and the "Orthodox Church."

The Presbyterian Church is an organized religious society or church, operating under a written constitution and church laws and regulations establishing a common rule and guide in theology, duty, worship and church government. Judicial and administrative powers, under its plan of organization, are vested in four bodies. Listed in ascending scale in the order of their superiority these bodies are Sessions, Presbyteries, Synods, and the General Assembly. The Session is the local body; its immediate superior is the Presbytery. It is admitted by the pleadings that a Presbytery is a church judicatory of general jurisdiction in all matters pertaining to church property and government.

The plaintiff, the Presbytery of Huron, is a Presbytery of the Presbyterian Church, and Bancroft, South Dakota, is located within the boundaries of its territorial jurisdiction. The defendant, A. Culver Gordon, is an ordained minister of the Orthodox Church and is not a member of the Presbyterian Church. At the time of the institution of this action he was occupying the manse and conducting regular religious services in the church located on the real property in question. The defendant H. D. Thaden was formerly Clerk of the Session of the Presbyterian Church at Bancroft, and is associated with his co-defendant in using the real property for religious purposes according to the practices of the Orthodox Church.

A local religious society of the Presbyterian Church existed at Bancroft prior to May, 1891. During that month the society incorporated under the provisions of the statutes of South Dakota. Its Articles of Incorporation stated its purpose as follows: "This corporation is formed for the purpose of maintaining and promoting religious worship, preaching the Gospel, instructing in Christian duty, and the proper enforcement of Church discipline upon its members according to the forms, usages and discipline of the Presbyterian Church of the United States of N. America." Thereafter the corporation acquired title to the real property in

question by warranty deeds in common form, the title so acquired being unlimited by any character of express or specific trust. The relationship between the local society and the general church remained unimpaired until 1936. During that year, under the leadership of its then minister, its members determined to withdraw from the Presbyterian Church and associate themselves with the Orthodox Church. A congregational meeting was held at which all but three present voted for the withdrawal; those three later acquiesced in the action. A notice of this action, signed by defendant Thaden, as Clerk of the Session, was immediately served on the plaintiff Presbytery. The notice stated that "At a special congregational meeting, duly called by the Session, the members of the Murdock Memorial Church voted to withdraw from the Presbyterian Church of the U. S. A. and to sever our relationship with Huron Presbytery." This action was taken without the consent of the Presbytery or any superior body of the church. Thereafter, at a meeting of the Presbytery, a resolution was adopted to demand the keys to the church and manse. Notice of this action, and demand for the possession of the property, was thereafter accordingly served on defendant Thaden and the then minister. Notwithstanding this demand the defendants and those associated with them have continued in the possession of the property and are using it for religious purposes in accordance with the doctrines, forms and discipline of the Orthodox Church. These and other facts are alleged in the complaint, and plaintiffs pray for equitable relief.

The court found for plaintiffs and decreed that the Murdock Memorial Church of Bancroft, South Dakota, a religious corporation, is the owner of the property impressed with a trust for religious purposes for the use of the loyal members of the Church, and that the use of defendants is unlawful and without right; and it awarded the possession thereof to plaintiff for the use and benefit of the loyal members of the Church, and enjoined the defendants and those associated with them from interfering with the possession and use of the property by plaintiffs.

The principal question presented by the assignments of the defendants is whether the plaintiff, the Presbytery of Huron, is beneficially interested in this property held by the local religious corporation. The viewpoint advocated by counsel for defendants is predicated on two separate premises, viz., first, that the ownership of the local religious corporation is absolute, and second, if the property is impressed with an implied trust, the sole beneficiaries of that trust are the members of the local church or corporation. In our opinion, neither of the premises upon which counsel's discussion proceeds is sustained in reason or by the current of judicial authority.

Although the "Murdock Memorial Church of Bancroft" is a separate corporation, it is not an independent entity. Neither is it "the Church". It is but an organism of the temporal body of the church. "In its relation to the church it is not a spiritual agency with powers to preach the Gospel and administer the sacraments but a humble secular handmaid whose functions are confined to the creation and enforcement of contracts and the acquisition, management and disposition of property." "Nature of American Religious Corporations" by Dr. Carl Zollman, 14 Mich. Law Review 37. This distinction between the "Church" on the one hand, and the society or corporation on the other, as its temporal body, has been recognized by this court. Reinke v. German Evangelical Lutheran Trinity Church, 17 S. D. 262, 96 N. W. 90; State ex rel. Chamberlain v. Hutterische Bruder Gemeinde et al., 46 S. D. 189, 191 N. W. 635. Whether the corporation swallows up the society or exists separate and apart from the society, its significant status as the temporal body, or an organism of the ecclesiastical body, remains.

It is the nature of this essential relationship to the Church, and the complete dedication of its all to the administration of church affairs and the advancement of its interests, which gives rise to an implication that it holds all of its property, the title to which is not otherwise expressly limited to other uses, for the use and benefit of the Church. That

such a subsidiary of the Church, whether corporate or associate in character, holds all of its property except such property as is impressed with an express trust, for the benefit of the Church, is settled beyond question. The cases are collected in Mack v. Kime, 129 Ga. 1, 58 S. E. 184, 24 L. R. A., N. S., 692; Baptist City Mission Soc. v. People's Tabernacle Congregational Church, 64 Colo. 574, 174 P. 1118, 8 A. L. R. 105; and Mitchell v. Church of Christ at Mt. Olive, 221 Ala. 315, 128 So. 781, 70 A. L. R. 71. We conclude that the title of the "Murdock Memorial Church of Bancroft" is held for the use and benefit of the "Church."

As we have indicated, the defendants identify the "Church" for which this property is held as the local ecclesiastical society, and assert that plaintiff is not a member or an integral part of that "Church." The facts do not support such a limited point of view. That it rests within the power of individuals to create an independent local church, or, having created a number of such independent organizations, to associate them in a confederation of independent churches for mutual counsel and guidance, is recognized by the authorities reviewed in the annotations cited supra. The Presbyterian Church, however, as indicated by the admission contained in the pleadings at bar, is not so designed. Its members have fused themselves, and all of their subordinate organisms, into one body or church under a "written Constitution, church laws and regulations constituting the laws of the whole Church as a common rule and guide in theology, duty, worship and Church Government"; and as a part of the government of that body have "established four grades of judicatories, or Church Courts, which have and exercise judicial and administrative powers." By this union in one common faith, doctrine, and ecclesiastical government, they have constituted themselves and all of their entities as but integral parts of a whole. The institution is accurately described in the lucid opinion of Judge Van Valkenburgh in Barkley et al. v. Hayes et al., D. C., 208 F. 319, 322 (on appeal, 8 Cir., 222 F. 669, 247 U. S. 1, 38 S. Ct. 422, 62 L. Ed. 939):

"In this church the religious congregation or ecclesiastical body holding the property is but a subordinate member of the general church organization in which there are superior ecclesiastical tribunals with a general and ultimate power of control, more or less complete, in some supreme judicatory over the whole membership of that general organization. The local congregation is itself but a member of a much larger and more important religious organization, is under its government and control, and is bound by its orders and judgments. Therefore, when the property held·by the church is that purchased or conveyed for the general use of the religious congregation, not devoted forever by the instrument which conveyed it nor by any specific declaration of its owner to the support of any special religious dogmas, or any peculiar form of worship, it is and remains the property of the general church which exercises such general and ultimate power of control. It does not belong to the particular congregation which uses it, much less to the individual members of such a congregation. It does not belong to the presbytery or the synod, nor, in a strict sense, to the general assembly. It belongs to the church which is composed of its entire membership; that membership being governed and controlled by the organic law of the church, the administration of which is lodged in certain judicatories rising, in regular succession, to the general assembly or court of last resort, embracing in itself legislative, administrative, and judicial powers. The government of the Presbyterian Church is republican and representative in character. Its administration is vested, not ·in the individual members, not in the congregations, but in the general assembly and the presbyteries; and the church as· a whole, acting through its supreme governing bodies, exercises the ultimate rights of ownership and control over all its properties."

This broader view recognizes the local ecclesiastical body or "particular church" as well as its temporal self, the society or corporation, as but organisms or integral parts or agencies of a united "Church." Concurring in this conclu-

sion, we identify the "Church" for which the property of the local religious corporation is ultimately held as the "Presbyterian Church in the United States of America."

■ It logically follows from these conclusions that it does not rest within the power of the local congregation, even though its action be unanimous, to terminate the property interest of the Church.

■ It also follows that the Presbytery of Huron, as a subordinate body of the Church, charged with admitted responsibilities upon its behalf in the particular territory in which Bancroft is located, has an interest in ·the property of the Church and may complain of its diversion from the use to which that property has been dedicated. Gibson et al. v. Trustees of Pencader Presbyterian Church in Pencader Hundred et al., Del. Ch., 10 A.2d 332.

■ The contention that the judgment below is in derogation of the constitutional liberties of the defendants it without merit. The judgment does not restrict them in the exercise of their sacred constitutional rights. They remain free to follow the dictates of conscience and to associate themselves in any faith or form of worship they may choose. In changing their adherence from the Church we have identified, however, they may not take its property with them, even though their bounty may have contributed to its purchase. Barkley v. Hayes, supra.

Other propositions have been presented and carefully considered, but are not deemed to merit discussion.

■ With the wisdom of excluding the citizens of Bancroft from the use of this edifice in accordance with the doctrine and forms of their choice, or, in the state of this record, with the ecclesiastical differences which gave birth to the Orthodox Church, we may not concern ourselves. Our powers, as a secular court, limit us to a consideration of the property and civil rights of litigants. Being solemnly persuaded that the Presbyterian Church has a property interest in which it is legally entitled to the protection of the courts, and that no error prejudicial to the rights of these

non-member defendants appears in the judgment below, we accordingly affirm the judgment and order of the learned trial court.

All the Judges concur.