## No. 15,715.

### KNAUSS ET AL. *v.* SEVENTH-DAY ADVENTIST ASSOCIATION ET AL.
(190 P. [2d] 590)

Decided February 24, 1948.

Mr. H. GORDON HOWARD, for plaintiffs in error.

Mr. DONALD F. CLIFFORD, for defendants in error.

MR. JUSTICE JACKSON delivered the opinion of the court.

FOUR members of the German Seventh-Day Adventist Church in Denver, now known as the Garden Place

Church, having been expelled from membership in that church, brought suit against the Seventh-Day Adventist Association of Colorado, a corporation, and seven individuals as agents of that association and as members of the Garden Place Church. The church was a constituent part of the association. The individual defendants, who included the minister, were alleged to have taken active part in the expulsion of plaintiffs. Plaintiffs allege that they were arbitrarily expelled without cause, and without presentation and proof of charges and accusations, and without affording them a fair opportunity to be heard. Asserting that they had exhausted all ecclesiastical remedies, they asked for a court order directing defendants to show cause why plaintiffs should not be reinstated as members in good standing in the church and, in the absence of such a showing, "to make an order requiring the said Seventh-Day Adventist Association of Colorado and its agents and servants * * * to restore the plaintiffs' membership in said church to them."

This action is brought under the provisions of the Colorado Rules of Civil Procedure, Rule 106, which abolishes the writ of mandamus and substitutes therefor appropriate civil action.

Defendants filed separate motions for bill of particulars, for summary judgment, and to strike, all of which were denied by the trial court. Plaintiffs' countermotion for a summary judgment, supported by affidavits, also was denied, after which defendants filed an answer. After a three-day trial to the court, judgment was entered for defendants. Three of the plaintiffs now are here seeking a reversal of that judgment.

■ From the record evidence it appears that at an evening meeting of the members of the Garden Place Church held April 8, 1943, a resolution to "disfellowship" plaintiffs was read to the congregation by the secretary and adopted at the meeting. Most of the membership of the church and all four plaintiffs were present. The resolution had previously been approved by a committee

of about ten members, which included the minister, secretary, treasurer, the elders, clerk and the deacons. The greater part of the testimony concerned the circumstances surrounding this hearing. The church manual, under the section devoted to discipline, lays down rules and regulations concerning the method of disfellowshipping. These specify that those against whom disciplinary action is contemplated shall have notice of the meeting where such action may be taken. The evidence discloses that all four plaintiffs had such notice and were present at the meeting. It further appears from the record that they were charged with conducting themselves so shamefully as to bring disgrace and reproach upon the church. After the secretary had read the resolution of the committee, the matter was thrown open for discussion. The greatest variance in the testimony occurs as to the time given the four plaintiffs and other members for discussion, and some of the variance may be explained by the fact that while the trial of the case was conducted in English, the church hearing was carried on in German. It is apparent from a reading of the testimony that some of the witnesses in the trial court did not understand the purport of some of the questions addressed to them.

Even allowing for this language handicap, there was testimony of some witnesses that could not be reconciled with that of others. On this phase of the matter, we believe the trial court was correct in its statement: "The only thing that the Court feels that it can be interested in and has felt all through this proceeding is, did the church carry out a substantial compliance with the rules governing this question as laid down by the church laws themselves? I could recommend some improvement in the way it was handled, but I am absolutely unable to say, from the evidence introduced here, and considering it all very carefully, that there was not substantial compliance with those rules."

After this church meeting, the four plaintiffs, by way of an appeal, sought a hearing before the Colorado Con-

ference of Seventh-Day Adventists. A hearing was granted upon condition that the attorney for plaintiffs should not be present at the hearing, in compliance with a church rule that no lawyer should be allowed to appear at any such hearing. Plaintiffs' attorney was a member of the church and asserted a right to attend, not as a lawyer, but as a member of the church. This was denied him, and the four plaintiffs then refused to attend a hearing without his presence. It would appear, therefore, that plaintiffs did not exhaust all of their ecclesiastical remedies before instituting court action, for we are of the opinion that under the rule, plaintiffs' attorney could properly be excluded from the hearing, whether he was a member of the church or not.

In *Horst v. Traudt*, 43 Colo. 445, 96 Pac. 259, where members of a congregation sought to enjoin the minister from entering upon his duties as such, we held, that in addition to the averments which would entitle plaintiffs to relief, it must affirmatively appear from the allegations of the complaint that plaintiffs have exhausted all means within the corporation itself to obtain redress of the grievances of which they complain, and that a complaint which is silent with respect to the efforts of the members to obtain relief within the corporation is defective and subject to general demurrer. In the instant case plaintiffs' complaint was good in this respect, for they pleaded that they had exhausted all their known ecclesiastical remedies; but the evidence shows clearly that they did not actually do so. The rule that all remedies must be exhausted within the society before applying to the courts for relief seems to be one of general acceptance from a study of the cases cited in 45 Am. Jur. 753, §42, and in the annotations in 49 L.R.A. 399, 72 A.L.R. 628; *Carter v. Papineau*, 222 Mass. 464, 111 N.E. 358, L.R.A. 1916 D 371; *Nance v. Busby*, 91 Tenn. 303, 18 S.W. 874, 15 L.R.A. 801.

■ It further appears that the Garden Place Church is not a party to this suit. From a reading of the church

manual and the rules and regulations contained therein, it is apparent that that church is a necessary party if the relief asked is to be granted. It is that church, and that one only, which has both the power to disfellowship and the power to restore to membership. See, *Hundley v. Collins,* 131 Ala. 234, 32 So. 575; *Sale v. Baptist Church,* 62 Ia. 26, 17 N.W. 143, 49 Am. Rep. 136; *Watson v. Jones,* 80 U.S. 679, 20 L. Ed. 666, and the cases cited therein for the distinction between an unincorporated local church organization and the incorporated society of which the local church is a constituent member.

Plaintiffs filed nine specifications of error and defendants filed three cross specifications. The latter were based on the trial court's denial of defendants' motions: (1) for summary judgment, (2) for dismissal on the basis of plaintiffs opening statement, and (3) for nonsuit at the conclusion of plaintiffs' evidence. We believe by this opinion we have disposed of most, if not all, of the specifications and cross specifications. In respect to any which may not appear to have been considered, we believe that they do not warrant reversal or modification of the trial court's rulings.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD concur.