[Civ. No. 6109.   Fourth Dist.   Aug. 17, 1959.]

JUANITA OWEN et al., Appellants, v. BOARD OF DI-
RECTORS OF THE ROSICRUCIAN FELLOWSHIP
(a Nonprofit Corporation) et al., Respondents.

Holliday & Folsom, Holliday, Folsom & Winters and David S. Folsom for Appellants.

William L. Murphey for Respondents.

MUSSELL, J.—Juanita Owen and Grace Sawyer, as members of the Rosicrucian Fellowship, a church corporation, seek a writ of mandamus to compel the defendant members of the board of directors of the corporation to reinstate petitioners as members thereof and to permit them to examine the mailing list of membership of the corporation. The trial court rendered judgment denying plaintiffs' petition and discharging the alternative writ of mandamus theretofore entered. Plaintiffs appeal from the judgment.

As stated in the pretrial order herein, petitioners contend that they were unlawfully expelled from membership in the Rosicrucian Fellowship corporation and were illegally denied the right to inspect the membership list. The respondents contend that the petitioners were first suspended and then expelled in accordance with the by-laws and rules and regulations of the church corporation and that by reason of the suspension and expulsion, any right of petitioners to examine the corporate records expired, and that, in any event, the demand of petitioners was not reasonably related to their interests as members of said corporation.

There is no serious dispute as to the material facts involved. They are set forth in a written stipulation attached to the pretrial order and in the findings of the trial court. Summarized, they are as follows:

The Rosicrucian Fellowship is a church corporation and at all times here involved its by-laws provided for the suspension and expulsion of members in rules and regulations duly and regularly adopted for such suspension and expulsion. These rules and regulations provide, in substance, that upon receipt of a written complaint signed by a member in good standing of the church corporation, against another member, the board of directors shall have the power by majority vote to suspend the accused member pending a hearing of the charges at a subsequent meeting; that notice of said hearing and charges be given by mail to the accused member; that at the subsequent meeting, the board of directors, after hearing evidence for and against the accused, has the power by majority vote to reprimand, exonerate or expel said member.

Prior to January 26, 1958, petitioners Juanita Owen and Grace Sawyer were members of the church corporation. On January 25, 1958, they delivered to defendants a written demand for inspection of the membership records of the Rosicrucian Fellowship, and on February 22 the said board of directors adopted a resolution denying petitioners the right to inspect the membership register. On January 25 the board of directors received from a member of the corporation letters complaining of certain acts of Juanita Owen and Grace Sawyer and on January 26, 1958, the board of directors adopted resolutions expelling petitioners. At a special duly and regularly called meeting on February 22, 1958, the board passed resolutions revoking the resolutions of January 26 and reinstating petitioners. Resolutions were then adopted suspending each of said petitioners pending hearing of said letters of com-

plaint at the next regular meeting of the board to be held on April 19, 1958. Written notice of this hearing was mailed to petitioners and, on April 19, 1958, the board heard evidence as to whether or not the petitioners should be exonerated, reprimanded, expelled or suspended as probationers and as members of the corporation. The board thereupon adopted separate resolutions expelling petitioners Owen and Sawyer as members of the church corporation.

The trial court found that the defendant board of directors had complied with each and every procedural requirement of the by-laws, rules and regulations of said church corporation; that the defendant board had exclusive jurisdiction to expel the petitioners by said resolutions adopted on April 19, 1958; that any right of petitioners to inspect the mailing list of membership or the corporate records of the church corporation existed only so long as petitioners were members thereof; that any such right expired and terminated with the adoption of the resolutions on April 19, 1958, expelling petitioners. The court then concluded that since petitioners had been suspended and expelled by the board in accordance with the by-laws, rules and regulations of the corporation, the court had no jurisdiction to compel their reinstatement, and that petitioners, having been so suspended and expelled, had no right to inspect the mailing list or other corporate records of the church corporation. Judgment was then entered denying the petition and discharging the writ theretofore issued.

Petitioners appeal from the judgment, contending that they had a property right in the membership of the church corporation; that this property right was established by the decision in *Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church*, 39 Cal.2d 121 [245 P.2d 481], and that the trial court therefore had jurisdiction to try the issue of the propriety of their ouster and the good faith of respondents in expelling appellants.

The evidence shows that the board of directors of the church corporation suspended and expelled the petitioners in accordance with the by-laws and rules and regulations of the church and the trial court properly held that it had no jurisdiction to order their reinstatement.

As is said in *Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church*, 39 Cal.2d 121, 132 [245 P.2d 481]:

" ' . . . A person who joins a church covenants expressly or impliedly that in consideration of the benefits which result

from such a union he will submit to its control and be governed by its laws, usages and customs whether they are of an ecclesiastical or temporal character to which laws, usages, and customs he assents as to so many stipulations of a contract. The formal evidence of such contract is contained in the canons of the church, the constitution, articles, and by-laws of the society, and the customs and usages which have grown up in connection with these instruments.' (American Church Law, Zollman, § 328.)''

The right to membership in the corporation here involved is subject to the by-laws, rules and regulations of the church corporation. There is no evidence in the record before us that the suspension and expulsion of petitioners was not in accord with the by-laws, rules and regulations of the corporation.

In *Rosicrucian Fellowship* v. *Rosicrucian Fellowship Non-Sectarian Church, supra,* 39 Cal.2d 121, 131, the following rule is stated:

''The general rule that courts will not interfere in religious societies with reference to their ecclesiastical practices stems from the separation of the church and state, but has always been qualified by the rule that civil and property rights would be adjudicated. [Citations.]''

The case does not hold that membership in a church corporation is not subject to the by-laws, rules and regulations of the corporation.

In *Dyer* v. *Superior Court,* 94 Cal.App. 260, 269 [271 P. 113], it is held that civil authorities cannot disregard the decisions of the church tribunals; that whenever the question of discipline, or of faith, or ecclesiastical rule, custom, or law has been decided by the highest of the church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them.

In *Church of Christ of Long Beach* v. *Harper,* 83 Cal. App. 41, 46-47 [256 P. 476], the court said: ''Civil courts in this country have no ecclesiastical jurisdiction. They cannot revise or question ordinary acts of church discipline (*Lick Quarterly Meeting of Friends* v. *White Lick Quarterly Meeting of Friends,* 89 Ind. 136; *Ferraria* v. *Vasconcellos,* 31 Ill. 25), or properly interfere with that part of church management which concerns the spiritual welfare and discipline of the members, but only when rights of property are involved (*Prickett* v. *Wells,* 117 Mo. 502 [24 S.W. 52]; *State, Livingston Prosecutor* v. *Trinity Church,* 45 N.J.L. 230).''

In *Erickson* v. *Gospel Foundation of Calif.*, 43 Cal.2d 581, 585 [275 P.2d 474], the court said: ''The courts have recognized different rules of law relating to review of the action of an organization in expelling a member, depending on the nature of the particular group involved and the character and extent of the member's interest. For example, it has been held that one may not be expelled from an organization such as a labor union or a mutual benefit society, where property rights are attached to membership, without notice and a reasonable opportunity to defend against the charges made. [Citations.] The courts have always been reluctant to interfere with actions taken by religious organizations with respect to their internal affairs, and it has been commonly held that the expulsion of a member by a proper tribunal of such an association will not be reviewed where no property right is involved. [Citations.]''

In the instant case a hearing was had on notice and petitioners had a reasonable opportunity to defend against the charges made.

Petitioners no doubt had a right to inspect the membership list involved so long as they were members of the church corporation. However, counsel for petitioners and respondents admitted that this property right was coextensive with membership in the corporation.

The trial court was correct in ruling that it did not have jurisdiction to order the reinstatement of petitioners under the facts shown by the record herein.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 7, 1959. Peters, J., was of the opinion that the petition should be granted.