Robert Brown et al., appellees, v. Mt. Olive Baptist Church, a corporation, et al., appellants.

No. 51177.

(Reported in 124 N.W.2d 445)

November 12, 1963.

Paul J. Yaneff of Whicher, Davis & Yaneff, of Sioux City, for appellants.

Henry T. McKnight, of Des Moines, and Robert C. Clem, of Sioux City, for appellees.

HAYS, J.—The basic question presented by this appeal concerns the jurisdiction of the civil courts over the question of membership and the right thereto in a church organization.

Mount Olive Baptist Church is an Iowa nonprofit corporation located at Sioux City, Iowa. The purpose thereof is to propagate the Christian Religion according to the faith of the Missionary Baptist Church. Rev. Wm. Phillips was and is Pastor thereof. All other parties, plaintiffs and defendants, were on September 24, 1961, regular members in good standing in said church. On said date the plaintiffs were by a majority vote of the church membership in attendance at a meeting on said date expelled from membership therein. Plaintiffs by this action in equity seek injunctive relief and a finding that the act of expulsion was null and void. From a decree granting such relief, the defendants appeal.

While we have considerable doubt as to the materiality of the facts and circumstances surrounding the expulsion, plaintiffs place great stress thereon, as did the trial court, so we briefly set them forth herein.

Prior to September 24, 1961, plaintiffs, who were Deacons of the church, wrote two letters to the Pastor, Rev. Wm. Phillips. Apparently they had been removed as Deacons and in a letter September 11, 1961, they stated they would not honor the action taken by the church. Under date of September 20, 1961, they again wrote the Pastor asking for a called church meeting to determine whether the present Pastor should be continued as such. On September 24, 1961, after the regular church service had ended the Pastor directed the members present to remain seated and then called or announced the convening of a business session. At such meeting, the two letters were read and the Pastor stated the matter was in their hands. A motion to withdraw the right hand of fellowship from the plaintiffs was made and carried by a vote of 41 to 8 and plaintiffs were thus expelled from membership in the church. The record clearly shows and all parties agree that the Mt. Olive Baptist Church

is an independent or congregational type of polity in which the body is self-governing, administering its own government by the voice of the majority of its members present, with no superior or directing power.

Based upon above facts as to the expulsion proceedings, the trial court concluded that, "while the members of the subject church then had the right, power and authority or jurisdiction to expel plaintiffs therefrom, such right was exercised in such a manner and means as to be contrary to fundamental principles of justice and equity, and such proceedings must now be adjudged to be null and void. At a peremptorily called 'business meeting', with no advance notice as to the special matter to be then taken up, no charges, no hearing, no opportunity to be heard or defend and amidst hopeless confusion, the membership of these plaintiffs in defendant church was terminated as to each and all. This is akin to mob rule and clearly violates the fundamental rights of these plaintiffs."

■ I. It is a general rule recognized here and in foreign jurisdictions that ordinarily the courts have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies, including membership in a church organization, but they do have jurisdiction as to civil, contract and property rights which are involved in or arise from a church controversy. 76 C. J. S., Religious Societies, sections 86 and 88; 45 Am. Jur., Religious Societies, sections 41 and 43; Sale v. First Regular Baptist Church of Mason City, 62 Iowa 26, 17 N.W. 143, 49 Am. Rep. 136; Mount Zion Baptist Church v. Whitmore, 83 Iowa 138, 49 N.W. 81, 13 L. R. A. 198; Christian Church v. Carpenter, 108 Iowa 647, 79 N.W. 375; Bethany Congregational Church v. Morse, 151 Iowa 521, 132 N.W. 14; Ragsdale v. Church of Christ, 244 Iowa 474, 55 N.W.2d 539. For a full discussion of the issues here involved see annotation, 20 A. L. R.2d 421.

■■ The above stated general rule is perhaps modified to the extent that a civil court has jurisdiction to determine whether an alleged expulsion was the act of an authority within such body having power to order it. Mount Zion Baptist Church v. Whitmore, and Christian Church v. Carpenter, both supra.

The constitution of the subject church provided "The affairs of the church, after being determined and decided by the membership, shall be carried out * * *." This provision was clearly construed to mean that a majority rule of the membership was the governing power of the church, and, under the modification of the rules as above announced, the finding by the trial court, as it did, that a majority of members present at the meeting voted for expulsion, the jurisdiction of the court was terminated and the expulsion should have been upheld.

Appellees however rely upon our decision on Ragsdale v. Church of Christ, supra, 244 Iowa 474, 55 N.W.2d 539, as requiring that the expulsion, assuming the authority and action by the proper authority, be done in a manner or by a procedure that conforms to fundamental principles of equity and justice. They base this claim upon statements appearing in said opinion at page 485 of 244 Iowa, as follows:

"However, we are constrained to hold there were here no substantial or basic changes beyond the power of the majority to make. Churches of the congregational type labor under the same difficulties as afflict democratic systems in other fields. *The majority's power is limited only by fundamental principles.* In episcopal and even presbyterian systems there is a higher ecclesiastical authority to which the dissatisfied minority of a local church may carry its grievances. That is not true under congregational systems. As to them the court must, as best it can, decide between church litigants on the basis that the power of the majority is limited only as we have stated." (Italics added.)

A careful reading of that opinion shows that the *"fundamental principles"* referred to by the court pertain to the basic doctrine or belief of the church members and have nothing to do with the question of procedure as evidently used by both the trial court and the appellees. The Ragsdale case is pertinent here only to the extent that it authorizes the court to ascertain if the action taken was by a duly authorized board or body, i.e., the actuality of expulsion. There it was held an expulsion to be void because done under authority of Articles of Incorporation which were never legally adopted; in the instant case power of

the majority to act is conceded and we think the trial court was in error in going behind such conceded authority to ascertain the manner and regularity of such acting board or body. Such a view is expressed in Watson v. Jones, 80 U. S. (13 Wall.) 679, 729, 20 L. Ed. 666, 676, 677, as follows:

"All who unite themselves to such a body [church] do so with an implied consent to this government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if anyone aggrieved by one of their decisions could appeal to the secular courts and have them reversed. It is of the essence of these religious unions, and of their right to establish tribunals for the decision of questions arising among themselves, that those decisions should be binding in all cases of ecclesiastical cognizance, subject only to such appeals as the organism itself provides for."

While some other matters dealing with procedure and with a temporary injunction are argued, we do not deem it necessary to consider them in view of our foregoing announcement upon the jurisdictional question.

The decree of the trial court is reversed and cause remanded for a decree dismissing plaintiffs' petition.—Reversed.

All JUSTICES concur.