572 P.2d 99

Bruno KONKEL, as Treasurer, and Individually, of Shadow Mountain Baptist Temple, Miriam Konkel, Irma Morgan, Robert Suhay, Marilyn Suhay, Sharron Widrig, Eileen Allen, Alene Scott, Ellen Johnson, Edith Hagan and Wilma L. Mealor, all as members of Appellee Church, and Individually, Appellants,

v.

METROPOLITAN BAPTIST CHURCH, INC., dba Shadow Mountain Baptist Temple, and Rev. William Bowler, Appellees.

No. 2 CA–CIV 2398.

Court of Appeals of Arizona,
Division 2.

Sept. 20, 1977.

Rehearing Denied Nov. 2, 1977.

Review Denied Nov. 22, 1977.

Law Offices of Scholl & Kurlander by Harley D. Kurlander, Tucson, for appellants.

Garven W. Videen, Tucson, for appellees.

## OPINION

RICHMOND, Judge.

This appeal involves the dismissal for lack of subject matter jurisdiction of appellants' amended complaint seeking to enjoin Reverend William Bowler from transferring any money or assets of Shadow Mountain Baptist Temple, and from denying appellants the right to be present and vote at the church's business meetings.

The amended complaint, denominated "amended application for supplemental restraining order and order to show cause," alleged that when the action was commenced by Bruno Konkel on July 30, 1976, he was a duly elected officer and the other appellants were members of the congregation of Shadow Mountain Baptist Temple; that Reverend William Bowler, as president of Metropolitan Baptist Church, Inc., doing business as Shadow Mountain Baptist Temple, had expressed an intention to transfer all of the church's assets to another corporation, The Voice of Evangelism, Inc.; and that on August 4, 1976, in violation of the church constitution and bylaws, appellants had been dismissed as active members of the congregation at a business meeting held at a location other than the usual meeting

place, without notice to appellants of either the change in location, or that their dismissal would be a subject of the meeting, thereby denying them an opportunity to be heard in their own defense.

After granting leave to file the amended complaint, the trial court invited legal memoranda on the question of its jurisdiction over the subject matter. In due course it concluded that the relief sought was "an ecclesiastical matter beyond the court's subject matter jurisdiction" and dismissed the amended complaint.

 It is the general rule that courts have no jurisdiction to intervene in cases involving expulsion from church membership where there is no question as to the invasion of civil or property rights. *Brown v. Mt. Olive Baptist Church,* 255 Iowa 857, 124 N.W.2d 445 (1963). Some cases stress the separation of church and state, while others rely on the fact that a member by joining the church expressly or impliedly consents to the exercise of its expulsory jurisdiction. Many decisions rest on both grounds. *See* Annot., 20 A.L.R.2d 421.

 There is a recognized exception, however, where the issue is whether the expelling organization acted in accordance with its own regulations. Cf. *Owen v. Board of Directors of Rosicrucian Fellowship,* 173 Cal.App.2d 112, 342 P.2d 424 (1959). The trial court apparently found this issue foreclosed by appellants' allegation that their dismissal occurred at a "regular business meeting." We disagree, in view of the specific allegation of violation of the church constitution and bylaws.

We hold, therefore, that the superior court has jurisdiction to determine whether appellants were expelled from membership in accordance with the constitution and bylaws of the church. If so, however, the court has no jurisdiction to proceed. *Owen v. Board of Directors of Rosicrucian Fellowship,* supra.

Appellants assert no right other than as former members of Shadow Mountain Baptist Temple. We do not address the question of their standing to attack the threatened transfer of the church's assets, pending a determination of their membership status.

Reversed and remanded for further proceedings consistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.