John FOSS, Calvin Willemsen, Fred Schafer, Francis Parker, Fred Krull, Warren Ludeman, Ebenezer United Presbyterian Church, an ecclesiastical congregation, and The United Presbytery Church in the United States of America, a corporation, Plaintiffs and Appellees,

v.

Virgil DYKSTRA, Leroy Fett, Robert Steadman, Elroy Bossman, Fred Haan, Alvin Sinning, Joseph T. Miller, Stanley L. Plucker, Wendell H. Strasser, Limbertus Kingma, Wayne Kock, Duane Devries, Alvin Haan, J. Harley Miller, Keith Beeners, Joel Begeman, Jeff Haan, Paul Bossman, Phillip Fett, and Ebenezer United Presbyterian Church of Lennox, S.D., a corporation, Defendants and Appellees.

No. 13547.

Supreme Court of South Dakota.

Argued March 22, 1982.

Decided May 19, 1982.

Richard Braithwaite, Sioux Falls, for plaintiffs and appellees.

Richard Bogue of Rudolph & Bogue, Canton, and W. J. Williamson of Williamson & Tabor, Greenville, Ala., for defendants and appellants.

FOSHEIM, Justice.

The controversy between the parties to this action is the result of doctrinal differences which caused the membership of the Ebenezer Presbyterian Church of Lennox, appellant (local church), to withdraw from the denomination of the United Presbyterian Church in the United States of America, appellee (national church). This action involves ownership of the local church assets.

The national church instituted this action praying for a return of the local church property and that the individually named defendants be ordered to cease acting as the Session of the Ebenezer Church. The complaint also sought to enjoin the local church from using or encumbering the church property and assets; interfering with the plaintiffs' exercise of Session powers; or changing the articles of incorporation of the Ebenezer Church. Findings of fact and conclusions of law were made by the trial court. Judgment, granting the national church's prayer for relief, was entered thereon. The local church appeals from that judgment. We reverse and remand.

The trial court's decision rests on *Watson v. Jones*, 80 U.S. 679, 13 Wall. 679, 20 L.Ed. 666 (1871). *Watson* held that in church property disputes involving a hierarchically organized church,[1] civil courts must defer to the decision of that church's highest court. This is proper, reasoned *Watson*, because the local church is but a subordinate member of the general church and is thus subject to the general church's authority. The trial court also relied on *Presbytery of Huron v. Gordon*, 68 S.D. 228, 300 N.W. 33 (1941) and *Reformed Bethanien Church v. Ochsner*, 72 S.D. 150, 31 N.W.2d 249 (1948), cases similar to that before us, generally decided along the principles set down in *Watson.*

Since *Watson* was decided, the United States Supreme Court has recognized an alternative method by which civil courts may resolve church property disputes. That method is known as the "neutral principles of law" approach. *Jones v. Wolf*, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979); *Presbyterian Church v. Hull Church*, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969). *Jones* and *Presbyterian Church* involve church property disputes resulting from a schism. The neutral-principles approach calls for a completely secular examination by civil courts into church documents, deeds to the property in question,

state statutes and other relevant evidence to determine ownership. The key to the neutral-principles approach is that such determination is to be made "exclusively on objective, well-established concepts of trust and property law familiar to lawyers and judges." *Jones, supra* 443 U.S. at 603, 99 S.Ct. at 3025. The *Jones* court cautioned, however, that whenever a civil court found its "interpretation of the instruments of ownership would require [it] to resolve a religious controversy, then the court must defer to the resolution of the doctrinal issue by the authoritative ecclesiastical body. *Serbian Orthodox Diocese*, 426 U.S. [696] at 709 [96 S.Ct. 2372, 49 L.Ed.2d 151]." *Id.* at 604, 99 S.Ct. at 3025. We agree with the United States Supreme Court that the primary advantages of the neutral-principles approach is that "it is completely secular in operation, and yet flexible enough to accommodate all forms of religious organization and polity"; and that while there are problems with this approach, "the promise of nonentanglement and neutrality inherent in the neutral-principles approach more than compensates for what will be occasional problems in application." *Id.* at 603–604, 99 S.Ct. at 3025.

Upon comparing the deference rule in *Watson* with the neutral-principles approach now deemed a constitutionally permissible alternative, we conclude the neutral-principles approach is the preferable method of deciding church property disputes as it minimizes interpretation of ecclesiastical pronouncements by civil courts. Consequently, we remand with directions for the trial court to determine ownership based on the neutral-principles approach.

All the Justices concur.

---

1. The parties agree that the United Presbyterian Church in the United States of America is a hierarchical organization as distinguished from a congregational form of church association.